## FREDERICK ORTMAN V. FRY W. GILES.

1. REVIEWING EVIDENCE, *and Findings.* Where a party seeking a reversal of a judgment of the district court brings up the testimony, the conclusions of fact and the judgment, but interposed no motion in that court to set aside the conclusions or for a new trial, whether this court will examine the testimony to see whether it supports the conclusions—*quære.*

2. ———— In such case where the plaintiff claims that the judgment in his favor is less than it ought to be, this court will not examine to see if other facts were not proven by the testimony, which would require a larger judgment.

3. CITY LOTS; *Dedication to Public use; Taxation.* Where a town company having title to an entire lot dedicates a portion of it to public uses, the remaining portion continues subject to taxation.

4. ———— *Description; designation.* Where a part of a lot or block is dedicated to public uses, the part not dedicated may properly be designated by the number or name previously given to the whole.

*Error from Shawnee District Court.*

ACTION brought by *Ortman* to quiet his title to a certain lot in the city of Topeka. The case was tried before A. L. W., judge *pro tem.*, at the June Term 1869. The lot in controversy has a frontage of twenty-five feet on Kansas avenue, and is described in plaintiff's petition as "Lot 169." The court found as conclusion of law that *Ortman* was entitled to the north twenty feet of the lot, and that *Giles'* claim to that portion of the lot was void. *Giles* claimed under a tax deed which described the whole lot. The nature of plaintiff's claim, the facts as found by the court, and the judgment, are sufficiently set forth in the opinion. *Ortman* brings the case here on error.

*A. H. & M. H. Case,* for plaintiff in error:

Plaintiff was entitled to a decree for the whole of the property. Swope had acquired legal title to the entire twenty-five feet, and Ortman had purchased that title. The tax title of Giles was void.

The last or corrected map or plat was filed for record on the 30th day of March 1859. By the act of the proprietors

·of the town the so-called "Lot 169" was reserved for public purposes under laws 1859, (Comp. Laws, 119, § 1,) and was not taxable in 1861. Tax Laws 1860; Comp. Laws, 858, ·§ 5. If it could not legally be taxed, the deed of the defendant was void.

If the five feet was not reserved, or dedicated, it was not ·"lot 169," as that had been destroyed. It could not be .assessed as lot 169; it was not assessed by any other description. The five feet, as such, was not assessed. The description, as to assessment, sale and deed, was the same. It was either ·"lot 169," as to defendant, or nothing. It was not 169, con:sequently the deed of defendant is, and was, void.

The description must be correct: Blackw. on Tax Titles, 123 to 127, et seq. Where a part of the land sold is liable to :sale, and the residue is not, the sale is void *in toto.* Blackwell, 280, 282.

*Martin & Burns,* for defendant in error:

The plaintiff claims that there is error in the judgment in awarding the five-feet front of lot 169 to the defendant. We are of the opinion that this assignment of error is not well taken. The record does not show that the five-feet front ·of said lot or any part thereof was awarded to the defendant, ·or that a judgment was rendered in favor of the defendant for five feet, or any part of said lot. Therefore we are unable to see how the plaintiff has been prejudiced. He may think that the judgment in his own favor is too small, and in that respect is prejudiced; but he don't ask to have it reversed ·upon that ground. If the court, in rendering judgment in this case as it did, committed an error that was prejudicial to the plaintiff, it extends to the whole of the judgment, and the plaintiff should not be permitted to take the benefits of the judgment and then attempt to reverse the residue.

The opinion of the court was delivered by

BREWER, J.: Plaintiff sued defendant in the district court, .alleging that he was the owner and in possession of lot No.

169, Kansas avenue, city of Topeka; that defendant claimed some title thereto, which claim plaintiff sought to have: adjudged void. The case was tried by a judge *pro tem.*,, without a jury. Special findings of fact were made, and defendant's claim to four-fifths of the lot, to wit, the north twenty feet thereof, adjudged void. Both plaintiff and defendant excepted to the judgment, and a bill of exceptions. preserves the testimony. Plaintiff made no motion to set aside the findings, or for a new trial, in the district court, but.

1. Practice: reviewing testimony and findings.
brings the record directly here for review. Whether under such circumstances this court is. called upon to examine the testimony to see whether it supports the conclusions of fact, may be questionable. It is a question however which need not here trouble: us, for even a slight examination shows that the evidence in this case amply supports the conclusions. We do decide this,,

2. Other facts will not be found by appellate court.
however, that in a case like the present, where the plaintiff claims that the judgment in his favor is less than it should be, if the testimony supports the conclusions, and they require the judgment, we: shall inquire no further. If the plaintiff insists that other facts were proven by the testimony, which would give him a, right to a larger judgment, he must first call the attention of the court below to the matter. Failing to do this, he waives any right to call upon this court to find additional facts.

Plaintiff's objection to the judgment is, that it does not adjudge Giles' claim of title to the south five feet of said lot,, also void. Now, as the burden of proof is with plaintiff, unless the conclusions of fact show affirmatively that Giles' claim to these five feet was unfounded, no error appears, and the

3. Private property subject to taxation.
judgment must stand. The court found that the defendant's title was on a tax deed, regular in form, and based upon regular proceedings. As against this,, plaintiff urges that the land at the time of the tax proceedings belonged to the public, and was therefore not taxable.. It appears that the Topeka Town Association caused a litho-

graphic map or plat of the town to be prepared and distributed among the members before the same had been acknowledged or recorded, and before legal title to the town site had been acquired. This plat was adopted by the association. On this map the property in dispute in this action, twenty-five feet front, was designated as lot 169. Before the acknowledgment of this plat, the president of the association, by direction of the trustees, erased the figures 169. This was done to provide for an alley twenty feet in width, and running through the north side of said premises. No new disposition was made of the remaining five feet. The plat thus changed was acknowledged and recorded. It is difficult to conceive upon what pretext the strip five feet in width can be claimed as public property. It was not included in the alley. It does not appear to have been conveyed or dedicated to any other public use. It passed to the Town Association by their legal title, acquired in July, 1859. Until conveyed away by them it was their private property, and subject to taxation.

Again, it is claimed that if the five-feet strip was taxable it was not lot 169; that lot had been destroyed by the erasure of the figures; there was no property answering to such description; hence a tax deed conveying lot 169 passed nothing. The conclusions of fact present no such question as this. They find that the tax proceedings were regular, and

4. Designation of lots; tax proceedings. conveyed to Giles a good title to this five-feet strip. How it was described in the tax deed does not appear in the findings. This would be sufficient to dispose of the question. But if we go beyond the findings and examine the testimony, it appears that in the tax proceedings the property assessed and sold was described as "lot 169." That such a lot now exists, and embraces the five-feet strip, is evident. At least, unless it does exist, and embrace that strip, plaintiff has no cause of complaint here, or of action below, for all the property described in his petition is "lot 169." More than that, when the alley was in 1866 vacated, and the title of the city thereto relinquished, it was described

as "the north twenty feet of lot 169." The property was assessed for a series of years as lot 169. The dedication of four-fifths, or indeed any fractional part of a lot or block to public uses, does not necessarily deprive the remaining portion of the previous number or name of the whole. This five-feet strip might for anything that appears in the testimony properly pass as lot 169 after the dedication of the remaining twenty feet to the use of the public as an alley. The alley portion would of course lose its right to the number. It had ceased to be private property, and could no longer be described as a lot, or any portion thereof. These being the only objections raised to this judgment it must be affirmed.

All the Justices concurring.