## DUNNINGTON v. FRICK COMPANY.

### Opinion delivered February 16, 1895.

1. *Instructions—Exception in gross.*
   An exception in gross to a number of instructions is bad if any one of the instructions be good.

2. *Findings by court—Conclusiveness.*
   Findings of fact by a court sitting as a jury are as conclusive as the verdict of a jury, and will not be disturbed if there be evidence to support them.

3. *Instruction—When not prejudicial.*
   Appellant cannot complain of an erroneous instruction given by the court at the instance of appellee if an instruction to the same effect was given at the instance of appellant.

Appeal from Independence Circuit Court.

JAMES W. BUTLER, Judge.

#### STATEMENT BY THE COURT.

Appellee's complaint alleges that it is a foreign corporation, organized under the laws of Pennsylvania; that it entered into a contract in writing with the appellant, the defendant below, by which he agreed to pay the appellee $1400 for machinery which the appellee sold and delivered to him.

The answer admits the execution of the contract, but alleges that the appellee agreed to set up the machinery in a workmanlike manner, within a stated time; that it failed to ship the machinery within the time agreed upon, and denies that it was set up by the appellee in a workmanlike manner. It alleges that the machinery was purchased for the purpose of ginning the cotton crop of 1887, which the appellee well knew; that it was agreed it should be set up and put in operation in time to do so; but that appellee neglected and failed to set it up till it was too late for the appellant to gin the crop of that year, by reason of which the appellant was

damaged in the sum of $1680. It further alleges that appellee is a foreign corporation carrying on business in the State of Arkansas; that it has never complied with article 12, section 2, of the constitution of Arkansas, or with the act of April 4, 1887; that the contract sued on was entered into in the State of Arkansas after appellee had commenced doing business therein, and more than ninety days subsequent to the act aforesaid.

The appellee filed a reply, in which it is alleged, among other things, "that the plaintiff (appellee) did ship the said machinery on August 24, 1887, to its agent at Little Rock, Ark.; that by reason of delays the said machinery did not reach Little Rock until September, 1887." It is denied that the appellant was delayed by appellee in operating his gin, or that he sustained any injury from its neglect.

The issue as to the last paragraph of the answer was submitted to the court by agreement on the pleadings, exhibits and the testimony.

Upon this issue the court made the following findings of fact and conclusions of law:

"This cause coming on to be heard, it was agreed by the parties hereto that the issue made on the third paragraph of defendant's answer, to-wit, that plaintiff was not entitled to sue in the court of this State, because it had failed to comply with the law requiring foreign corporations to appoint an agent in the State upon whom summons and official process might be served, be submitted to the court sitting as a jury. The court finds that plaintiff, at the commencement of this suit, was a corporation doing business under and by virtue of the laws of the State of Pennsylvania, with principal place of business at Waynesboro, Pa.; that said corporation had not appointed an agent upon whom summons and other process might be served, as required by law of foreign corporations doing business in the

State; that plaintiff's agent went to the home of defendant in Independence county, and took an order for machinery, which plaintiff agreed to furnish defendant, sent said order to W. C. Raby, who had an office at Little Rock, and manager of the company's business in the State; that W. C. Raby forwarded said order to Waynesboro, Pa.; that machinery was shipped to themselves at Little Rock, and forwarded to Olyphant, Ark., by W. C. Raby; that the transaction did not constitute a doing business in the State within the meaning of the act of 1887; and on this issue finds in favor of the plaintiff."

Thereupon there was a jury trial on the other issues. The defendant introduced evidence tending to prove that the plaintiff had failed to comply with its contract to set up the machinery by a given time or in a workmanlike mannner, and that, by reason of the failure in both particulars, he had been prevented from ginning the crop of that year; that the machinery described in the written order, as well as a cotton press embraced in the order, which the Frick Company agreed to set up for the defendant, along with the other machinery, so as to gin that year's crop, had been ordered by him for that purpose; that that fact was known to the Frick Company at the time the contract was entered into; and that the company undertook to furnish the machinery described in the written order, and to set up the whole for the purpose indicated, and that it failed to comply with its contract. The defendant testified that, if the gin could have run, it would have earned $30 a day, clear of expenses, for the ginning season, beginning the first of September and lasting until December. That was the profit, he said, the gin should have made, based upon the supply, the number of bales that could be turned out, and the price of cotton that year. He ginned for a toll of one-twelfth of the cotton ginned. None of the wit-

nesses ever knew of a gin being rented, though they had run gins in that locality for years. There was testimony that when the gin should have been running, according to the plaintiff's contract, there was a large quantity of cotton stored at the gin to be ginned; that the cotton house and every available shelter was full, but that the machinery was not running, and it could not be ginned; that from one to three wagons came every day with cotton, and were turned off for the same reason. The appellee introduced testimony tending to show that it shipped the machinery as soon as the contract therefore was completed and accepted by it.

Defendant, when on the witness stand, was asked these questions, which, upon plaintiff's objection, were ruled out by the court, to-wit: Q. "Was there cotton enough there for you that season? A. (Objected to, sustained by court, and exceptions saved by defendant). Q. "State if parties in that neighborhood would have kept you supplied with enough cotton to keep your gin running that season? A. (Objected to, sustained by court, and exceptions saved by defendant).

Upon the measure of damages the court, at the plaintiff's instance, charged the jury as follows:

6. "The jury, in the event they find that the plaintiff has been guilty of a breach of the contract, cannot find speculative damages in the defendant's behalf, and can only award such damages as were the result of the breach, and which naturally followed therefrom, and were within the contemplation of the parties to the contract. Therefore the measure of damages in this cause is the ordinary renting or hire, if any has been proved, of the gin during the time of the delay, and such rental value is not to be determined by the profits that may be earned by the gin during said time, but from all the evidence and circumstances in the case.

"7. The jury are instructed that, if they find the plaintiff delayed unreasonably to ship said machinery, they cannot allow the defendant the amount of damages claimed by him for money he might have earned by ginning the cotton of his neighbors had the delay not occurred; the damages thus sought to be recovered are too speculative, uncertain and remote. The true measure of damages is the amount which the defendant would have been compelled to pay for the renting or hire of similar machinery for the period of delay, and no more, and such amount must be ascertained from the evidence in the case, and not from the opinions of the jurors."

The defendant objected in gross to the instructions given for plaintiff, and his objections being overruled, he excepted to the court's ruling. The jury returned a verdict for the plaintiff. The defendant filed a motion for a new trial, for the following reasons: (1) Because the court erred in its findings and declarations on the questions involved in the defense, in which it was alleged that the plaintiff is a foreign corporation doing business in Arkansas without complying with the statute. (4) The court erred in rejecting evidence offered by defendant and set out in the abstract. (9) The court erred in giving instructions 6 and 7 at plaintiff's instance. (10 and 11) The verdict is contrary to law, and contrary to the evidence. The motion was overruled, to which the defendant excepted. In proper time a bill of exceptions was filed and allowed, setting forth the above facts.

*Sterling R. Cockrill* and *Yancey & Fulkerson* for appellants.

1. The court erred in its instructions as to the measure of damages. 64 Ill. 418. The instructions were inconsistent. 55 Ark. 393; 51 *id.* 509, 514; 57 *id.* 461; 101 N. Y. 205; 78 Ala. 511; 56 Ark. 610; 48 *id.* 502.

2. Distinguish this case from 57 Ark. 24, citing 41 Fed. 468; 136 U. S. 104; 143 *id.* 314; 125 *id.* 186; 141 *id.* 59; 27 Atl. 30.

3. The commerce clause does not apply to this case. 41 Fed. 468.

4. The contract was made and executed in Arkansas. The original bulk or package was broken by appellee's agent, and the interstate restriction of commerce was removed. 54 Ark. 248.

5. The act of 1887 is not a regulation of commerce at all. It simply provides that a foreign corporation doing business in this State shall consent to be found here. No payment of fees is required, and the act imposes no burden or restriction on commerce. 32 Fed. 14; 67 Ala. 26.

*Dodge & Johnson* for appellee.

1. The conclusions of law, and the court's rulings thereon, were not excepted to; no errors were saved, and this failure is fatal. 28 Ark. 77; 33 *id.* 100; 16 Pet. 169; 4 Wall. 502; 4 Pet. 426. The findings of the court are as conclusive as the verdict of the jury. 53 Ark. 161; 56 *id.* 623; 34 *id.* 526; *Ib.* 261.

2. The contract in this case was an interstate contract, and the act of 1887 does not apply. 54 Ark, 573; 55 *id.* 626; 55 *id.* 174; 57 *id.* 38; 113 U. S. 727; 120 U. S. 497; 135 *id.* 161; 102 *id.* 691–792; Pom. Const. Law 378; 141 U. S. 57; 125 *id.* 190; 41 Fed. 469; 27 S. W. 971; 20 *id.* 931; 35 Pac. 539; 9 So. 136; 103 U. S. 347; 1 Pa. Dist. Rep. 187; 92 Ala. 145; 4 N. M. 175; 98 Ala. 409; 26 Fed. Rep. 889; 61 Ind. 520; 53 *id.* 454; *Ib.* 270.

3. No exceptions were properly saved to the instructions. An exception *en masse* or in gross will not be considered, if any instruction be good. 54 Ark. 19; 28 *id.* 18; 32 *id.* 224; 7 *id.* 241; 38 *id.* 539; 39 *id.* 339.

4. If there was any error or inconsistency in appellee's sixth and seventh prayers, appellant cannot complain, as his third prayer, given, declared the law just as it was declared in the two instructions given at plaintiff's request. The rental value is the measure of damages. 45 N. Y. 563; 16 *id.* 490; 72 Ill. 161; Field on Dam. sec. 10. Speculative damages are not allowed. Wood, Mayne, Damages, sec. 12; 139 U. S. 199; 106 Pa. St. 237–242; 32 Mo. 305; 21 Wend. 342; 25 Ill. 86; 34 Iowa, 339; 44 *id.* 159; 3 Barb. 424; 16 N. Y. 489; 101 N. Y. 205; 12 Cush. 366; 17 Pick. 453; 74 Ga. 233; 71 *id.* 518; 14 Neb. 369; 63 Tex. 381; 1 How. 28; 1 Sedgwick, Dam. 66–76; 5 Am. & Eng. Enc. Law, pp. 13, 15, 32, 34.

5. There was no error in excluding the evidence as to the rate of tolls, etc. It was not properly excepted to. 7 C. C. A. 349–50. But the third prayer of appellant was a complete waiver of the action of the court in this respect.

HUGHES, J. (after stating the facts.) Upon the issue submitted to the court, the court made special findings, and then held "that the transaction did not constitute a doing of business in the State within the meaning of the act of 1887, and on this issue finds in favor of the plaintiff." No exceptions were saved to the conclusions of law by the court upon the findings of facts.

1. Effect of exception in gross to instructions.

The bill of exceptions fails to show any proper exceptions saved to any of the instructions asked by the plaintiff. The exceptions were in gross, which has repeatedly been held not sufficient in this court, where any of the instructions are good, and they were not all bad in this case. If the appellant wished to have this court review the conclusions of law by the circuit court, he should have saved proper exceptions thereto. This he failed to do, and therefore this court will not consider

the same.   There were no exceptions at all to the court's ruling upon the questions of law in the case.

In *Phelps* v. *Mayer*, 15 Howard, 160, Mr. Chief Justice Taney, delivering the opinion of the court, said: "It has been repeatedly decided by this court that it must appear by the transcript, not only that the instructions were given or refused at the trial, but also that the party who complains of them excepted to them while the jury were at the bar.   *   *   *   Nor is this a mere formal or technical provision.   It was introduced and is adhered to for purposes of justice.   For if it is brought to the attention of the court that one of the parties excepts to his opinion, he has an opportunity of reconsidering or explaining it more fully to the jury. And if the exception is to evidence, the opposite party might be able to remove it by further testimony, if apprised of it in time."   "After an elaborate opinion, referring to many cases in other American jurisdictions," says Judge Thompson, in his work on "Trials," "the Supreme Court of Appeals of West Virginia have reached the following conclusion, stated by them in italics:   '*If errors, or supposed errors, of any kind are committed by a court in its ruling during the trial of a case by a jury, the appellate court cannot review these rulings of the court unless two conditions concur:  First, these rulings must have been objected to when made, and a bill of exceptions taken, or the point then saved, and the bill of exceptions taken during the term; and, secondly, a new trial must also have been asked and overruled, and objected to, and this noted on the record.*'   With us there must be a motion for a new trial presented to the court below, within the time required by the statute, in which motion the objections to the rulings are preserved; otherwise they are treated as abandoned."

In *Hyde* v. *Booraem*, 16 Peters (U. S.), 176 it is said: "If either party in the court below is dissatisfied with the ruling of the judge in a matter of law, that ruling should be brought before this court by an appropriate exception, in the nature of a bill of exceptions, and should not be mixed up with its supposed conclusions in matters of fact."

As there was no exception to the court's conclusions of law, upon its finding of facts, they cannot be reviewed here.

**2. Conclusiveness of court's findings.** It cannot be said, without error, that there was no evidence to support the finding of facts by the court sitting as a jury ; and its findings will not be disturbed any more than the verdict of a jury would be under the same circumstances. *Nathan* v. *Sloan*, 34 Ark. 526 ; *Minkwitz* v. *Steen*, 36 Ark. 260 ; *Robson* v. *Hough*, 56 Ark. 623 ; *Jones* v. *Glidewell*, 53 Ark. 161.

There was no error in excluding the evidence, of the exclusion of which the appellant complains, as the appellant was permitted himself to testify as to the rate of toll and daily earnings of the gin.

**3. When instruction not prejudicial.** Upon the measure of damages, the 3d instruction asked for by the appellant and given by the court is the same, in effect, precisely as the sixth and seventh instructions given at the instance of the appellee. The appellant cannot therefore be heard to complain that the sixth and seventh were prejudicial to him, even if they were erroneous.

Judgment affirmed.