# CASES DETERMINED

IN THE

# UNITED STATES COURT OF APPEALS

FOR THE

# INDIAN TERRITORY.

---

SEVERS VS. NORTHERN TRUST COMPANY.

Opinion delivered February 15, 1896.

*1. Appeal—Motion for New Trial.*

Whenever it is necessary to preserve, by a bill of exceptions, the rulings of the trial court, to secure a review thereof on appeal, it is necessary that a motion for a new trial should be made in the court below.

*2. Record—Bond for Costs—Review—Dismissal.*

On motion to dismiss because of nonresidence of plaintiff and its refusing to file bond, the failure to file the bond must appear affirmatively by a bill of exceptions to authorize a dismissal of the suit, notwithstanding the fact of the plaintiff's nonresidence appears in its pleadings, and is therefore apparent upon the face of the record. Recitals in the judgment, from which it may be clearly inferred that a bond for costs was not filed in the court below are not sufficient, as they are, not properly a part of the judgment. Such matters should be presented for review by bill of exceptions only.

(3)

Appeal from the United States Court for the Northern District of the Indian Territory.

WILLIAM M. SPRINGER, Judge.

Action by the Northern Trust Company against F. B. and A. A. Severs. From a judgment for plaintiff, F. B. Severs appeals. Affirmed.

Appellee alleged that it is a corporation, organized under the laws of the state of Minnesota, and a citizen of that state. Defendants filed a motion below as follows : "Come now the defendants, and move the court to require the plaintiff to file a bond for costs in this case, their complaint showing upon its face that it is a nonresident of the Indian Territory, "—which motion was by the court overruled. Appellant then filed the following motion : " Comes now the defendant, and moves the court to dismiss the above entitled cause, for the reason that the plaintiffs, nonresidents of the Indian Territory, refuse to file a bond for costs, as by law in such cases made and provided, "—which motion was overruled. Neither of these motions was verified by affidavit. The following judgment was entered in the case, to wit : " Now, on this day, this cause came on for hearing, upon motion of the defendant F. B. Severs, heretofore filed herein, to dismiss plaintiff's complaint, because, being a nonresident, it has not filed a bond for costs herein. The plaintiff being present by its attorneys, Soper & Sanson, and the defendant by its attorneys, Hutchings & English, and the parties being ready for such hearing, the plaintiff says it should not be required to file bond for costs herein, because, at the commencement of this action, it deposited with the clerk of this court money to a sufficient amount to cover all costs that have accrued or would accrue up to and including the filing of any plea or answer herein ; that a rule of this court requires plaintiff, at the time of the institution of a suit of this kind,

in which there are two defendants, to deposit the sum of $10 as security for costs ; that, with the complaint in this cause, plaintiff filed an affidavit, according to the statute, ' that affiant verily believes that defendants did not have a meritorious defense, and that, if defense was made hereto, it would be for the cause of delay. ' And plaintiff now offers to file a bond for costs herein, in case the defendants will make affidavit that they have a good defense upon the merits in this cause. And it appearing to the court that the foregoing facts as claimed by the plaintiff are true, the defendants refusing to make affidavit of a meritorious defense, the court, being well and sufficiently advised in the premises, and having heard the argument of counsel, doth overrule said motion, to which action of the court the defendant F. B. Severs then and there duly excepted. And said defendant states to the court that he elects to stand upon his motion to dismiss the complaint herein, and refuses to plead further. Whereupon it is ordered, considered, and adjudged by the court that the plaintiff, the Northern Trust Company, have and recover of the defendants, F. B. Severs and A. A. Severs, the amount of the promissory notes or coupons sued upon in this cause, to wit, four hundred and sixty seven and 36-100 dollars ( $467.36 ), and interest thereon from this date at the rate of eight per cent per annum until paid, together with all its costs herein laid out and expended, for all of which let execution issue. To the rendition of which said judgment, the defendant F. B. Severs then and there duly excepted. "

*W. T. Hutchings* and *A. Z. English,* for appellant.

1.   Cost bond in case of a nonresident defendant is a jurisdictional question. Lincoln vs. Hancock, 5 Ark. 704 ; Clark vs. Gibson, 2 Ark. 109.

2.   The court below should have dismissed complaint of appellee on his refusal to file cost bond. "The fair con-

struction of the statutes of Arkansas (Mansfield's Digest, Sec. 1036. ) is that the action of the nonresident who will not give security for cost must be dismissed, unless he is a poor person and unable to pay them. " St. L. & S. F. Ry. Co. vs. Farr, 56 Fed, Rep. 998 ; Newman Pleading and Practice, 493 ; Huguenin vs. Thacher, 18 Fed. 105; Gardner vs. Kelly, 2 Sandf. 632 ; Hadley vs. Hadley, 82 Ind. 95 ; Republic of Honduras vs. Soto, 2 La. Rep. Ann. 642 ; Newman vs. Landrine, 82 A. D, 249.

*P. L. Soper* and *Thos. A. Sanson, Jr.*, for appellee.

1.   A bond for costs, motion to dismiss and the ruling of the court thereon are not parts of the record unless embodied in a bill of exceptions.  Montgomery vs. Carpenter, 5 Ark. 264 ; McQuaid vs. Tait, 5 Ark. 309 ; Cox vs. Garvin, 6 Ark. 431 ; Pierce vs. Baldridge, 7 Ark. 4131 ; Elliott General Practice, 181, and authorities cited ; Ib. Sec. 190, 191, 192, 202; Jones vs. Buzzard et al, 2 Ark. 415 ; Sawyers vs. Lathrop, 9 Ark. 67 ; Phillips vs. Reardon, 7 Ark. 256 ; Town vs. Wilson, 8 Ark. 464 ; Lenox vs. Pike, 2 Ark. 255.

2.   A motion to dismiss upon the ground that plaintiff was a nonresident at the time the action was commenced, and filed no bond for costs as required by the statute, must be verified by affidavit, because it sets up matter in abatement.  The affidavit should verify all the facts stated in the motion, should verify the allegation that plaintiff failed to file a bond for cost, as well as that he was a nonresident. Hardwick vs. Campbell & Co., 7 Ark. 121.

3.   Pleas in abatement must be verified.   Heard vs. Lowry, 5 Ark. 522 ; White vs. Yell, 12 Ark. 139.

4.   The motion and affidavit to dismiss a cause for want of bond for costs must not only state the nonresidence of plaintiff, but that no bond has been filed.   Johnson vs. Hoskins, 12 Ark. 635.

5.   On appeal, the court will presume a bond for costs

was filed unless it affirmatively appear from a bill of exceptions that one was not filed.    Cox vs. Garvin, 6 Ark. 431.

6.    Where a motion to dismiss a suit for want of cost bond is overruled, and the record fails to show that any evidence was offered in support of the motion, this court will presume in favor of the court below.    Hickey vs. Smith, 6 Ark. 456.

7.    Where the errors complained of are in their nature extrinsic of the records proper of the Court, or where the proceedings objected to appear in the records proper, but the errors cannot be ascertained without considering the proceedings in relation thereto, and are extrinsic of such records, such proceedings or matters must be saved. by bill of exceptions. Worthington vs. Welch, 27 'Ark. 464 ; Steck vs. Mahar, 26 Ark. 536 ; Merriwether vs. Erwin, 27 Ark. 37 ; Smith vs. Hollis, 46 Ark. 21.

8.    Where a motion for a new trial has not been made, overruled and exceptions taken in the lower court, and preserved by bill of exceptions, there is no question before the supreme court to decide on the appeal, unless the error complained of is apparent on the face of the judgment. Sigment vs. State, 34 Ark. 420 ; Ft. Smith vs. Grantis, 35 Ark. 438 ; Wise vs. Martin, 36 Ark. 305 ; Gaines vs. Summers, 39 Ark. 482 ; Union Co. vs. Smith, 34 Ark. 684 ; Bermen vs. Wolf, 40 Ark. 251 ; Bridler vs. Ferdell, 44 Ark. 411 ; Wilson vs. State, 51 Ark. 212 ; Taylor vs. VanMeter, 53 Ark. 204 ; Coomrod vs. Anderson, 55 Ark. 354.

9.    It is the province of the bill of exceptions and not the judgment entry to bring upon the record the facts proven or admitted on the trial, and the declarations of law made by the court upon them.    Hall vs. Bonville, 36 Ark. 491.

LEWIS, J.    The question in this case arises under sections 1036 and 1037 of Mansfield's Digest of the Laws of Arkansas.    We are confronted with the preliminary inquiry whether the record is presented to us in such a way as to

enable us to review the action of the trial court in refusing
to dismiss the case below.    This action, though excepted to,
was not preserved for review by bill of exceptions, nor was
a motion for new trial made.    It has been decided by the
supreme court of Arkansas ( whose decisions in the con-
struction of statutes put in force in this jurisdiction are most
persuasive, if not, indeed, conclusive, with us ) that an error
in law in the rendition of a judgment, perceptible from the
record, without any reference to the proceedings on the trial
as shown by the bill of exceptions, does not require a motion
for new trial.    Percival vs. Platt, 36 Ark. 461.    What con-
stitutes the record ?    Mr. Thompson, in his work on Trials
( volume 2, § 2771 ), says :    ''The record proper ordinarily
embraces the original writ, the pleadings, and the entry of
verdict and judgment.    If error is exhibited on the face of
the record proper, it may be corrected in a court of error,
unless there are statutes changing the common-law rule,
without the necessity of a bill of exceptions.    Whenever it
is desired to present for review, in an appellate court, a
ruling of the trial court, which does not appear upon the
face of the record proper, an exception must be taken to the
ruling at the time when it was made, and a bill of excep-
tions must be drawn up, embodying a statement of the rul-
ing, and showing that an exception thereto was reserved at
the time when the ruling was made. ''    The Arkansas deci-
sions support the above definition of the ''record.''    Lenox
vs. Pike, 2 Ark. 14.    See, also, Bateson vs. Clark, 37 Mo. 31.
Whenever it is necessary to preserve, by a bill of excep-
tions, the ruling of the trial court, to secure a review thereof
on appeal, it is necessary that a motion for new trial should
be made in the court below.    Dunnington vs. Frick Co.
( Ark. ) 30 S. W. 212.

In the case under consideration, the fact of the
plaintiff's nonresidence appears in its pleadings, and is
therefore apparent upon the face of the record.    The fact

Motion for
new trial,
when unnec-
essary.

Record,
what
constitutes.

that a bond was not filed is not shown. Both these facts must concur to authorize the dismissal of the suit. Johnson vs. Hoskins, 12 Ark. 635. In the recitals of the judgment, there are statements from which it may be clearly inferred that a bond for costs was not filed in the court below, but these statements are not properly a part of the judgment. A judgment, by the Arkansas Code, is "a final determination of the rights of the parties in an action." The reasons announced by the court to sustain its decision constitute no part of the judgment, and do not become such by reason of the fact that the clerk may enter them upon the minutes. Such matters are properly presented for review by bill of exceptions only. Freem. Judg. §§ 2, 79; 2 Thomp. Trials, §§ 2781, 2773, 2776; Elliott, App. Proc. 814, 815. In the case of Hall vs. Bonville, 36 Ark. 495, the court said: "It is true that in the judgment entry there is a statement of the evidence introduced on the trial or agreed on, and of the declaration of the law of the case made by the court; but it is the province of the bill of exceptions, and not of the judgment entry, to bring on the record facts proven or admitted on the trial, and the declarations of law made by the court upon them." This must be a correct statement of the law; otherwise, a judgment might become the vehicle for presenting upon appeal any ruling of the trial court at any stage of the trial. " Nothing can be made a matter of record by calling it by that name, nor by inserting it among the proper matters of record." Freem. Judgm. § 78.

<span style="float:right">Recital in judgment, no bond for costs insufficient.</span>

<span style="float:right">Reason for decision of court not a part of judgment.</span>

Appellants, in their brief, cite us to the cases of Smith vs. Hollis, 46 Ark. 21; Union Co. vs. Smith, 34 Ark. 684; Gates vs. School Dist., 57 Ark. 374, 21 S. W. 1060. In the first case, the distinction we have made is clearly drawn, and the court limited itself to the determination of the question whether the judgment followed the special findings of the trial court, the special findings being treated like the verdict of a jury, as a part of the record proper. In Gates

vs. School Dist. the question was whether the judgment followed the facts as found in the jury's special verdict, which, as we have seen, is a part of the record proper. In Union Co. vs. Smith it was held from certain recitals of the fact in the judgment, without a bill of exceptions, that there was error therein. The report of this case does not enable us to determine whether these recitals were necessary to the proper entry of the judgment, and we assume that they were. If they were not, but were simply matters of evidence imported into the judgment at the option of the counsel, to preserve the question upon appeal, without the aid of a bill of exceptions, then we hold this case to be in conflict with other decisions of the supreme court of Arkansas, against the weight of reason and authority, and decline to follow it.

Because the action of the trial court in the particulars complained of is not presented in such mode as authorizes this court to determine the same, the judgment of the court below is affirmed.