HARRIS vs BRUTON.

Opinion delivered October 26, 1899.

*1.  Review—Bill of Exception—Motion for New  Trial.*

> Whenever it is necessary to preserve by a bill of exceptions the
> ruling of the trial court to secure a review thereof on appeal,
> it is necessary that a motion for a new trial be made in the
> court below.

*2.  Motion for New Trial—What is Not.*

> A motion "to set aside the order or judgment of the court there-
> in, withdrawing said case from the jury and dismissing said
> case" is not a motion for a new trial under Mansf. Dig. ¿ 5151
> so as to give this court jurisdiction on appeal.

Appeal from the United States Court for the Northern
District.

JOHN R. THOMAS, Judge.

Action by Charles Harris against Wilson O. Bruton
and others.  Judgment directing a nonsuit.  Plaintiff ap-
peals.  Appeal dismissed.

This is an action of ejectment to obtain possession  of
a certain improvement situated in the Cherokee Nation.
The complaint is in the ordinary form of an action in  eject-
ment.  The property is described, and the chain of title
stated.  No exceptions are filed to any of the exhibits or
evidences of title, but separate answers of the defendants
are filed, putting in issue the material allegations ·of the
complaint so far as ownership is concerned.  At the close of
the testimony in the case, counsel for defendants moved the
court to direct the jury to return a verdict in their favor, for

the reason, as alleged, that the plaintiff had shown no right
to recover.   Thereupon the court, after argument, submitted
the following statement, and on his own motion dismissed
the case:   "This case develops a state of affairs which one
would scarcely expect to exist, even in the Indian Territory,
at this age and generation.   Whether knowingly or un-
knowingly, it is very clear that Dr. Harris has either in-
tentionally or unintentionally allowed himself to deprive the
Cherokee Nation of the Indian Territory of property.   A
sale must be made by parties to a contract for a valuable
consideration, and with reference to something that they
have a right to convey or sell.   This land belonged to the
Cherokee Nation, but there was a small improvement there,
and that had been made and owned by a Cherokee citizen.
That Cherokee citizen, under the law, had a right to sell
that improvement to a Cherokee citizen, for a valuable con-
sideration, and to put him into possession of it; but the evi-
dence in this case shows that this property was not convey-
ed to Dr. Harris, but was conveyed to Bailey, which is a
violation of the Cherokee law; the deed or bill of sale being
used simply as a cloak to cover a legal fraud.   Dr. Harris
paid nothing for it.   There was no valuable consideration,
and therefore there was nothing passed under that sale.
The deed does not pass for title from party to party, even
where the titles are allodial.   The deed is simply the evi-
dence of the passing of title by parties capable of contracting
for valuable consideration,—simply evidence; and, for a
greater security and safety, in most states these deeds are
required to be recorded for two purposes:   First, to give
notice to the world; and, second, to preserve their contents
from destruction, so that they may stand as a monument of
evidence to the transaction.   Therefore there was no title
passed to Dr. Harris by this bill of sale, Bailey going into
the possession of this place by his own right, and by virtue
of a contract in violation of the Cherokee law, which, there-

fore, could not be carried out by law. And the last trans-
action, made with eyes open, by a lawyer, in open violation
of law, and in fraud of the Cherokee Nation, is so out-
rageous a piece of business that this court will overrule the
motion to direct a verdict, withdraw a juror of his own
motion, and dismiss the case." To which ruling of the court
in withdrawing a juror and dismissing the case the plaintiff
excepted. On the same day—September 29, 1898—the
plaintiff filed what is called in the record "his motion for a
new trial," which is in words and figures as follows, to wit :
"Comes the plaintiff, and moves the court to set aside the
order or judgment of the court herein withdrawing said case
from the jury and dismissing said case." This is signed by
attorneys for plaintiff. The record further states: "Mo-
tion for new trial is overruled by the court, and the plaintiff
excepts." On the 30th day of September plaintiff prayed an
appeal to the court of appeals for the Indian Territory from
the judgment of the court and the ruling thereof in with-
drawing the case from the jury, which was granted, and a
bill of exceptions was tendered within the time allowed, and
the case brought to this court on appeal.

*J. P. Buster* and *John H. Pitchford*, for appellant.

*Hutchings & West*, for appellees.

SPRINGER, C. J. The appellees in this case file in this
court a motion to dismiss the appeal for the reasons stated
below: "First, because the printed record fails to comply
with rule 9 of this court; second, because appellant's brief
fails to comply with rule 10 of this court, as to size and
style, and character of type; third, because the brief of
appellant fails to comply with section 2 of rule 10 in failing
to contain any specification of errors; fourth, because the
record shows that no motion for a new trial was made or
passed on in the court below,"

While the grounds for dismissal stated in this motion as 1, 2, and 3 are technically well taken, the court would not be disposed to dismiss the appeal on this ground solely, for the reason that the appellant might be required by an order of the court to comply strictly with the rules. The fourth ground for dismissal is, however, free from any technical objection. In order that the errors, if any, which occurred in the court below in this case, could be reviewed by the appellate court, it was necessary that a motion for a new trial should be made, and overruled by the court. Whenever it is desired to present for review in an appellate court a ruling of the trial court which does not appear upon the face of the record proper, an exception must be taken to the ruling at the time when it was made, and a bill of exceptions must be drawn up embodying a statement of the ruling, and showing that an exception thereto was reserved at the time when the ruling was made. Thomp. Trials, § 2771. Whenever it is necessary to preserve by a bill of exceptions a ruling of the trial court, to secure a review thereof on appeal it is necessary that a motion for a new trial should be made in the court below. Severs vs Trust Co. 1 Ind. Ter. 1; Dunnington vs Frick Co. (Ark.) 30 S. W. 212. A motion for a new trial in this case was, therefore, required in order to entitle the plaintiff to an appeal, as the grounds upon which he relies for reversing the judgment can only be brought to the attention of the court by a bill of exceptions. There is a bill of exceptions in the record, but there is no motion for a new trial, as required by the statute. In the statement in this case the motion is set forth, and it is in the words following: ''Comes the plaintiff, and moves the court to set aside the order or judgment of the court herein withdrawing said case from the jury and dismissing said case.'' In the record this is called a motion for a new trial, but that does not constitute it such a motion. The statute (Mansf. Dig. § 5151; Ind. T. Ann. St. 1899, § 3356) is as follows: ''A

new trial is a re-examination in the same court of an issue of fact after a verdict by a jury or a decision by the court. The former verdict or decision may be vacated and a new trial granted, on the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of such party." Then follows a statement of eight specific grounds upon which new trials may be granted. It is not necessary to set forth these grounds in this opinion, but they embrace misconduct of the jury or prevailing party, irregularity in the proceedings of the court, accident or surprise, verdict not sustained by sufficient evidence, or is contrary to law, etc. Section 5154 (3359) states that the application must be made by motion upon written grounds filed at the time of making the motion. By reference to the alleged motion for a new trial in the case at bar, it will be seen that there is no "written ground" set forth as a reason for granting a new trial, or for setting aside the judgment or order of the court. The motion, therefore, is in no sense, under the statute, a motion for a new trial. No statutory ground was submitted, and there was nothing for the court to pass upon. The motion to dismiss the appeal must, therefore, be allowed.

This court is not called upon to express an opinion upon the merits of the case. In the foregoing statement is set forth the opinion of the trial court upon the merits of the controversy, and his reasons for dismissing the suit, in which no error appears. If counsel for appellant had, therefore, laid a proper foundation for his appeal, it would not have availed him. The appeal is dismissed.

CLAYTON and TOWNSEND, JJ., concur.