AHREN-OTT MFG. CO. *et al.* v. CONDON *et al.*

No. 614. Opinion Filed March 9, 1909.

(100 Pac. 556.)

1. **APPEAL AND ERROR—Motion for New Trial—Necessity.** Errors occurring on the trial of a cause will not be reviewed in this court unless presented to the trial court on motion for new trial.

2. **APPEAL AND ERROR—Case-Made or Bill of Exceptions—Necessity.** Matters which are not by statute authorized to be made a part of the record except by case-made or bill of exceptions cannot be brought to this court on a certificate of the clerk, and errors assigned thereon.

(Syllabus by the Court.)

*Error from District Court, Muskogee County.*

Action by the Ahren-Ott Manufacturing Company and others against C. H. Condon and others. Judgment for defendants, and plaintiffs bring error, and defendants move to dismiss the writ of error. Motion sustained.

*Peyton & Mason,* for plaintiffs in error.
*John J. Moore,* for defendants in error.

DUNN, J. This cause was filed in the United States Court for the Western District of the Indian Territory sitting at Muskogee, and was pending at the time Oklahoma and Indian Territories were erected into a state. After statehood it was tried to the court without the intervention of a jury, who on hearing the evidence rendered judgment denying plaintiffs the relief prayed for. Plaintiffs announced their intention to appeal the case to the Supreme Court, whereupon time in which to prepare, serve, and have settled a case-made was given. No motion for a new trial was filed, nor was the case-made served on counsel or the defendants or either of them, nor was it signed and settled by the trial judge. There appears, however, at the close of the record presented to us, a certificate signed by the clerk of the district court showing that it contains a correct transcript of all proceedings and all journal entries, and a correct copy and transcript of all depositions on file in his office, and all evidence introduced in said cause. The petition in error and the assignments therein raise questions of alleged errors of the court on the trial. Counsel for defendants in error have lodged in this court a motion to dismiss the case, which in our judgment must be sustained.

It is a well-established principle that error occurring on the trial of a cause will not be reviewed by this court unless presented to the trial court on motion for new trial. *Boyd et al. v. Bryan,* 11 Okla. 56, 65, Pac. 940; *Decker v. House,* 30 Kan. 614, 1 Pac. 584; *McNally v. Keplinger,* 37 Kan. 556, 15 Pac. 534; 14 Ency. Pleading & Practice, p. 846. This is true even though the cause is tried to the court without a jury. 14 Ency. Pleading & Practice, p. 848; *Ortman v. Giles,* 9 Kan. 324. It is further well established that matters which are not by statute authorized to be made a part of the record except by case-made or bill of exceptions cannot be brought to this court on a certificate of the clerk, and errors assigned thereon. *United States ex rel. v. Choctaw, Oklahoma & Gulf Railroad et al.,* 3 Okla. 404, 41. Pac. 729;

*City of Kingfisher v. Pratt,* 4 Okla. 284, 43 Pac. 1068; *Grand Lodge A. O. U. W. v. Furman,* 6 Okla. 649, 52 Pac. 932.

The Supreme Court of the territory of Oklahoma in the case of *United States ex rel. v. C., O. & G. Ry. Co., supra,* in the syllabus held that:

"No evidence, depositions, affidavits, or judge's opinion is a part of the record unless made so by being embodied in a bill of exceptions or case-made, and neither the clerk, by his certificate, nor the direction of the judge himself, can be effective to incorporate these things in the record, in the absence of statutory authority."

From the authority of the foregoing cases it is at once apparent that without a motion for a new trial, and without any presentation of the prepared case-made to the trial judge for signing and settlement, any errors which may have been committed by the trial court on the trial of the cause are waived; and, as nothing is sought to be presented to us except errors alleged to have been committed on the trial, the motion of defendants in error must be sustained.

All the Justices concur.