## JAMES v. JACKSON *et al.*

No. 1111.   Opinion Filed November 14, 1911.

(120 Pac. 288.)

**APPEAL AND ERROR**—Review—Record—Motion for New Trial.   In an action instituted in March, 1907, in the Indian Territory, but tried after statehood, where no motion for a new trial was made or question of law reserved at the tial, there is nothing before this court for adjudication; the errors complained of occurring during the trial and not appearing from the judgment roll or record proper.

(Syllabus by Sharp, C.)

·*Error from District Court, Wagoner County; John H. King, Judge.*

Action by D. M. James against Washington Jackson and C. E. Trumbo.   Judgment for defendants, and plaintiff brings error.   Dismissed.

*Robert F. Blair,* for plaintiff in error.

*R. C. Allen* and *Chas. G. Watts,* for defendants in error.

Opinion by SHARP, C.   On March 27, 1907, plaintiff in error sued defendants in error in the United States court for the Western district of the Indian Territory at Wagoner, by filing in said court his complaint at law, seeking to recover from defendants in error certain lands, and for damages.   An amended petition was filed September 22, 1908, and issues were joined by answer, and on October 22, 1908, the case was tried before the court, a jury being waived by agreement of counsel.   The case was tried partly on an agreed statement of facts, and upon the testimony of witnesses produced in court, and on May 8, 1909, the court rendered judgment in favor of defendants and against plaintiff, to which plaintiff excepted.   No motion for new trial was ever filed, and defendants have filed a motion to dismiss the appeal, assigning various reasons, among which was the failure

on the part of plaintiff in error to file in the lower court a motion for new trial.

It will be unnecessary to consider other than this one ground of the motion. This question has been squarely before this court on numerous occasions, and it may be considered the established practice that the failure to file in the lower court a motion for a new trial is a fatal objection to the consideration of errors on appeal, arising during the trial, not appearing from the judgment roll or record proper. This case arose before statehood, and, in so far as the procedure is concerned, is governed by the law in force in the Indian Territory prior to November 16, 1907. *St. Louis, etc., Ry. Co. v. Cundieff,* 171 Fed. 319, 96 C. C. A. 211; *Loeb v. Loeb et al.,* 24 Okla. 384, 103 Pac. 570; *Blanchard & Co. v. Ezell,* 25 Okla. 434, 106 Pac. 960; *Pacific Mut. L. Ins. Co. v. Adams et al.,* 27 Okla. 498, 112 Pac. 1026.

*Deering v. Meyers,* 29 Okla. 232, 116 Pac. 793, was an action brought in the United States court for the Southern district of the Indian Territory at Duncan, but tried subsequent to statehood. No motion for new trial was filed, and it was held that the errors committed, if any, during the trial were waived, and that there was nothing properly before the court for review.

*Ahren-Ott Mfg. Co. et al. v. Condon,* 23 Okla. 365, 100 Pac. 556, was a case brought in the United States court for the Western district of the Indian Territory at Muskogee, and was pending at the time Oklahoma and Indian Territories were erected into a state, and afterwards tried to the court without the intervention of a jury. Judgment being rendered, the plaintiff attempted to appeal to the Supreme Court. No motion for new trial was filed, and the court, in sustaining the motion to dismiss, said:

"It is a well-established principle that error occurring on the trial of a cause will not be reviewed by this court unless presented to the trial court on motion for a new trial. *Boyd et al. v. Bryan,* 11 Okla. 56, 65 Pac. 940; *Decker v. House,* 30 Kan. 614, 1 Pac. 584; *McNally v. Keplinger,* 37 Kan. 556, 15 Pac. 534; 14 Ency. P. & P. 846. This is true even though the cause is tried to the court without a jury. 14 Ency. P. & P. 848; *Ortman v. Giles,* 9 Kan. 324."

Counsel for plaintiff in error, in opposition to the motion to dismiss, cites the case of *Ross et al. v. Wright et al.*, 29 Okla. 186, 116 Pac. 949. This was a suit in equity begun in the United States court for the Indian Territory at Muskogee, and transferred to the district court of Washington county. The court, in overruling the motion to dismiss, said:

"This action being one in equity, and having been begun prior to statehood, was appealable and subject to review on the record made without the filing of a motion for new trial. *Joines v. Robinson et al.*, 4 Ind. T. 556, 76 S. W. 107. See section 1, Schedule to the Constitution (Snyder's Const. p. 137)."

This was the rule in Arkansas in suits in equity, but not in law actions, and the case here being one at law, the decision is readily distinguishable.

In *Stinchcomb et al. v. Myers*, 28 Okla. 597, 115 Pac. 602, it was said:

"It has long been the settled rule of practice in this court that errors occurring during the trial cannot be considered by the Supreme Court, unless a motion for a new trial, founded upon and including such errors, has been made by the complaining party and acted upon by the trial court, and its ruling excepted to, and afterwards assigned for error in the Supreme Court. *Beall v. Mutual Life Ins. Co. of N. Y.*, 7 Okla. 285, 54 Pac. 474; *Glaser et al. v. Glaser et al.*, 13 Okla. 389, 74 Pac. 944; *Bradford v. Brennan et al.*, 15 Okla. 47, 78 Pac. 387."

It is urged by counsel for plaintiff in error that the case below having been tried on an agreed statement of facts, no motion for a new trial would therefore be necessary. The rule of decision in the Indian Territory at the time of the institution of this action was to the contrary. The question having been settled by numerous decisions of the Arkansas Supreme Court, and which decisions rendered prior to the extension of the laws of Arkansas over the Indian Territory by act of Congress, are, in cases brought in the Indian Territory courts prior to statehood, controlling upon this court.

In *Smith v. Hollis*, 46 Ark. 17, the case was tried by consent to the court without a jury, upon the title papers exhibited

with the pleadings, and an agreed statement of facts. The court, in the opinion, said:

"Besides, no motion for a new trial was made. We cannot, therefore, inquire whether the special findings of the court are supported by the stipulation as to facts, even if the stipulation had been preserved and came to us in proper form. The necessity for such a motion, in order to have errors of this nature reviewed, exists equally in cases submitted to the court and those submitted to a jury, and as well where there is an agreed statement of facts, as where the facts are proved by witnesses. *Gardner v. Miller,* 21 Ark. 398; *Walker v. Swigart,* 21 Ark. 404; *King v. Little Rock,* 26 Ark. 479."

In *Gardner v. Miller et al.,* 21 Ark. 399, it was said by English, C. J.:

"The fact that the evidence was agreed upon by the admissions of the parties, instead of being introduced through the medium of witnesses, does not affect the principles upon which the rule of practice settled in *State Bank v. Conway,* 13 Ark. 344, rests." *Arringtoe v. Smith,* 22 Ark. 426.

The law, making it necessary that motions for a new trial be filed in actions at law, in all cases tried before the court or a jury, where other than errors arising from the record were desired to be reviewed, was firmly established in Arkansas by the Supreme Court in the case of *State Bank v. Conway,* 13 Ark. 344. The opinion contains a full and able discussion of the reason for the requirement of the rule announced. This same rule was observed by the United States Court of Appeals for the Indian Territory, by which court it was said in *Harris v. Bruton,* 2 Ind. T. 524, 53 S. W. 322:

"Whenever it is necessary to preserve, by a bill of exceptions, the ruling of the trial court to secure a review thereof on appeal, it is necessary that a motion for a new trial be made in the court below. *Severs v. Trust Co.,* 1 Ind. T. 1, 35 S. W. 232; *Dunnington v. Frick Co.,* 60 Ark. 250, 30 S. W. 212."

But, it is insisted by counsel for plaintiff in error that defendants in error have waived their rights in the premises by signing a stipulation reciting the questions for determination by this court.

On the authority of *J. W. Ripey & Son v. Art Wall Paper*

*Mill,* 27 Okla. 600, 112 Pac. 1119, and the authorities therein cited, we do not consider the position urged as being tenable.

The motion of counsel in error to dismiss the appeal should therefore be sustained, and the appeal dismissed.

By the Court: It is so ordered.

All the Justices concur.