### CHARLES v. PRENTICE et al. (Two cases).

Nos. 12743 and 12744—Opinion Filed Jan. 11, 1923.

Petition for Rehearing Withdrawn Feb 16, 1923.

(Syllabus.)

1. **Appeal and Error—Petition in Error—Amendment by New Assignments of Error.**

An assignment of error to the effect that the court below erred in overruling a motion for a new trial is a new and distinct assignment of error; and a petition in error in the Supreme Court cannot be amended by incorporating such assignment therein after the statutory time for perfecting an appeal has expired.

2. **Appeal and Error—"Record Proper"—Motions and Rulings—Review.**

Motions presented in the trial court, the rulings thereon, and exceptions are not properly part of the record, and can only be preserved and presented for review on appeal by incorporating the same into a bill of exceptions or case-made. The record proper in a civil action consists of the petition, answer, reply, demurrers, process, rulings, orders, and judgment; and incorporating motions, affidavits, or other papers into a transcript will not constitute them a part of the record unless made so by a bill of exceptions. Motions and proceedings which are not part of the record proper can only be presented for review by incorporating them into a case-made, or by preserving them by bill of exceptions and embracing them in the transcript.

**3. Same—Review on Transcript—Evidence.**

Where the errors assigned are such that, in order to review them, it would be necessary to examine the evidence introduced in the trial court, this court cannot review the same upon a transcript of the record.

Error from District Court, Creek County; Redmond S. Cole, Assigned Judge.

Actions by Sophia Charles and Ellis Buffington Charles, minors, by guardian, against F. D. Prentice and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

Robert F. Blair, A. J. Ward, Keaton, Wells & Johnston, and Stuart, Sharp & Cruce (John G. Ellinghausen and M. S. Singleton, of counsel), for plaintiffs in error.

Breckinridge, Bostick & Daniel, G. C. Spillers, McDougal, Lytle, Allen & Pryor, Blakeney & Maxey, Prentice, Bell & Prentice, and Ledbetter. Stuart, Bell & Ledbetter, for defendants in error.

JOHNSON, J. Sophia Charles, minor, by Robert W. Thomas, guardian, plaintiff in error in cause No. 12743, and Ellis Buffington Charles, minor, by Robert W. Thomas, guardian, plaintiff in error in cause No. 12744, respectively, commenced an action in the district court of Creek county, Okla., against F. D. Prentice, Josephine B. Prentice, P. S. Johnson, and J. White Johnson. In which actions the plaintiffs sought to vacate, set aside, and hold for naught certain proceedings of the county court of Creek county, Okla., in which certain lands belonging to the plaintiffs in error herein were sold at public auction to the highest and best bidder, at which sale the defendant in error P. S. Johnson became the purchaser.

In the respective petitions of the plaintiffs it is, alleged, among other things, that defendant in error P. S. Johnson and the defendants in error F. D. Prentice and J. B. Prentice and defendant in error J. White Johnson entered into a conspiracy to cheat and defraud the said plaintiff herein out of the title to the real estate involved in controversy in this cause; and that by means of such fraud and collusion plaintiff alleges that the defendants in error, P. S. Johnson, F. D. Prentice, J. B. Prentice, and J. White Johnson. succeeded in defrauding the said plaintiffs out of their said lands; and that thereafter oil was discovered on said land in large quantities, and that the said defendants in error, P. S. Johnson, J. White Johnson, F. D. Prentice, and J. B. Prentice, had converted to their own use the rents, issues, and profits from the said land, including the oil produced from said land, of the reasonable value of $1,000,000, and sought to recover possession of the land, to cancel the deed of conveyance to defendant in error P. S. Johnson, and to recover damages against the defendants in error, P. S. Johnson, J. White Johnson, F. D. Prentice, and J. B. Prentice, in the sum of $1,000,000.

The defendants filed separate answers. The causes proceeded to the trial to the court, and at the conclusion thereof the court rendered judgment that the plaintiffs take nothing; that the title of J. B. Prentice in and to the lands involved be quieted in the said J. B. Prentice; that the plaintiffs and all persons, claiming by, through, and under them be forever barred of holding or asserting any right, title, or claim in and to said lands; that the defendants, F. D. Prentice, P. S. Johnson, J. White Johnson, and J. B. Prentice, have judgment for their costs therein expended.

The plaintiffs respectively filed timely motions for new trials, which were overruled by the court; thereafter they respectively commenced proceedings in error in this court by filing their respective petitions in error with a purported case-made attached, and thereafter by order of this court the above-entitled and numbered causes were consolidated, and since said order of consolidation said causes have been orally argued and briefed by counsel accordingly. The defendants in error respectively filed motions to dismiss the appeals of said causes, all of which motions have heretofore been by this court overruled.

The petitions in error of the plaintiffs do not assign as error the overruling by the trial court of the plaintiffs' motions for a new trial. The petitions in error have attached thereto copies of cases-made, respectively, properly certified. The order of the trial court overruling motions for a new trial was made on April 30, 1921. The petitions in error were filed in this court within six months after said date, to wit, on October 20, 1921. The record discloses that the attempts to appeal in these cases were by case-made as provided in section 5238, Rev. Laws 1910, and not by bills of exceptions; and that there was no attempt to amend the petitions in error within six months from the overruling by the trial court of the motions for a new trial by having incorporated therein that the trial court erred in overruling the motions for a new trial, and no such amendment was ever made. And the same cannot now be made. M., O. & G. Ry. Co. v. McClellan, 35 Okla. 609, 130 Pac. 916, and the authorities therein cited. Such has been the universal holding of this court.

In this state. of the record, this court is without authority to review any alleged errors of the trial court occurring during the progress of the trial of said causes. Brooks v. Wadkins Medical Co., 81 Okla. 82, 196 Pac. 956; Aultman & Taylor Machinery Co. v. Fuss, 86 Okla. 168, 207 Pac. 308; Stark Bros. v. Glaser, 19 Okla. 513, 91 Pac. 1040; Stinchcomb v. Myers, 28 Okla. 598, 115 Pac. 602; Garner v. Scott, 28 Okla. 647, 115 Pac. 789; Gill v. Haynes, 28 Okla. 657, 115 Pac. 790; Eggleston v. Williams, 30 Okla. 132, 120 Pac. 944; Brown v. Western Casket Co., 30 Okla. 146, 120 Pac. 1001; James v. Jackson, 30 Okla. 192, 120 Pac. 288; Baker v. Tate, 41 Okla. 355, 138 Pac. 171; Ledgerwood v. State, 6 Okla. Cr. 110, 116 Pac. 202; Crump v. State, 7 Okla. Cr. 537, 124 Pac. 632; Hodges v. Alexander, 44 Okla. 601, 145 Pac. 809.

In Stonebraker-Zea Cattle Co. v. Hilton, 34 Okla. 225, 124 Pac. 1062, paragraphs 1 and 2 of the syllabus are as follows:

"Motions presented in the trial court, the rulings thereon, and exceptions are not properly part of the record, and can only be preserved and presented for review on appeal by incorporating the same into a bill of exceptions or case-made. The record proper in a civil action consists of the petition, answer, reply, demurrers, process, rulings, order, and judgment; and incorporating motions, affidavits, or other papers into a transcript will not constitute them a part of the record unless made so by a bill of exceptions. Motions and proceedings which are not part of the record proper can only be presented for review by incorporating them into a case-made, or by preserving them by bill of exceptions and embracing them in the transcript.

"Where the errors assigned are such that, in order to review them, it would be necessary to examine the evidence introduced in the trial court, this court cannot review the same upon a transcript of the record."

Such is the state of the record in the instant cases. When the cases-made are considered as transcripts of the record only, the same present nothing for review by this court. The trial court made and filed in each case voluminous findings of fact, and accordingly rendered judgments. And the judgments rendered are clearly within the issues made by the pleadings and were fully authorized thereby, and the findings of fact made by the trial court fully sustain the judgments. Hence, we are without authority to disturb the same.

For the reasons stated, the judgments of the trial court are affirmed.

HARRISON, C. J., and McNEILL, NICHOLSON, and MILLER, JJ., concur.

KANE, J. (dissenting). I am so thoroughly convinced that the action of the majority of the court deprives the plaintiffs in error in this very important case of their right to have the errors complained of reviewed on their merits, by a very technical ruling on a question of practice, that I deem it advisable to present my view of the law in a short dissenting opinion.

It is true as stated in the majority opinion: "The petitions in error of the plaintiffs do not assign as error the overruling of the trial court of the plaintiff's motions for a new trial." But this as I see it is not the only way errors occurring at the trial may be presented for review. First, let us see what the governing statute requires the complaining party to do, then what they did in this case and then whether this was a sufficient compliance with the statute.

The statute, section 523, Rev. Laws 1910, provides in substance that the proceeding for the reversal of any action of the trial court shall be by petition in error filed in the Supreme Court setting forth the errors complained of.

Now it is conceded that the aggrieved parties filed in the trial court a proper motion for a new trial separately setting forth each and every statutory ground upon which a re-examination of errors occurring at the trial may be had and that upon their motion for a new trial being overruled, they filed in this court a petition in error separately setting forth each and every error occurring during the trial of which they complained in their motion for a new trial.

Now why in reason is this not tantamount to saying that the trial court erred in overruling their motion for a new trial? I think it is. Indeed I think it more strictly complies with the letter and the spirit of the statute hereinbefore set out and the rules of this court than the cut and dry formula insisted on by the majority of the court. The statute as we have seen requires no particular form of expression, it simply provides that the plaintiff in error shall set out in his petition in error the errors complained of; and the rule of court provides that the brief of plaintiff in error shall contain the specifications of error complained of separately set forth and numbered. This it appears to me is precisely what the plaintiffs in error did.

And this is entirely consonant with good practice.

The object of the assignment being to point out specifically what is relied on as error, a general assignment without specifi-

cations of the particular point relied on gives no information to the appellate court or to the adverse party and will not as a general rule be considered. 2 R. C. L. 135.

I have not made an extensive search for authorities in point but I am fairly familiar with those of this jurisdiction and venture to say from memory that there are no cases which specifically disapprove the practice followed by counsel for appellant in this case or approve, in similar circumstances, the narrow rule laid by the court.

In my opinion the true rule is that it is not necessary that the assignment of error should be couched in exactly the same language as the ground alleged for a new trial, since if the ruling is identified and plainly defined it is sufficient. 2 R. C. L. 135: Waxham v. Fink. 86 Neb. 180, 125 N. W. 145, 21 Ann. cases 301. 28 L. R. A. (N. S.) 267.