HARGROVE ET AL. VS CHEROKEE NATION ET AL,

Opinion delivered October 9, 1900.

*1   Practice—Appeal—Motion for New Trial Unnecessary.*

When all the errors complained of. by appellant, on appeal, are matters of law arising upon the record without the aid of a bill of exceptions, a motion for new trial is not a necessary condition precedent to the right of appeal.

*2.   Indian Lands—Ejectment—Joinder of Parties—"Curtis Bill."*

Act of Cong. June 28, 1898 (30 Stat. 495—Ind. Ter. Stat. 57q), known as the "Curtis Bill," gives the United States courts in the Indian Territory jurisdiction to try cases against persons holding lands and tenements therein, claiming to hold as members of said tribe, and whose membership is denied by the tribe; and authorizes the court to remove such persons from the lands occupied by them and deliver possession of same to the person or nation entitled thereto, when it is found that the claimants' alleged rights as members of said tribe has been disallowed and such judgment have become final.    It also provides that such suits may be brought by the chief or governor of said tribe, and in case of his failure or refusal, then by any member of the tribe.    *Held,* That it must appear from the complaint, before a member can maintain the action, that the chief or governor had refused or failed to bring the suit; and

not so appearing, a demurrer must be sustained to the complaint.

*3.  Indian Lands—Ejectment—Judgment on Pleadings.*

In an action for ejectment brought by a citizen of Cherokee Nation against defendants who are, it is alleged in the complaint, finally rejected citizenship claimants, where the answer of the defendants fails to deny their status as rejected claimants for citizenship, but does specifically deny their occupancy and possession of the premises sought to be recovered, it is error to render judgment against them on the pleadings for the possession of the premises and costs of suit.

Appeal from the United States Court for the Northern District.

WILLIAM M. SPRINGER, Judge.

Action by the Cherokee Nation and Claude Shelton against J. S. Hargrove and others.  Judgment for plaintiffs. Defendants appeal.  Reversed.

This is an action brought by the appellees, the Cherokee Nation and Claude Shelton, against the appellants, defendants in the court below, under the third section of the act of congress entitled "An act for the protection of the people of the Indian Territory, and for other purposes."  30 Stat. 495 (Ind T. Ann. St. 1899, §§ 57q–57z20).

The complaint is as follows:  "Come the above-named plaintiffs, and for cause of action against the defendants, state: That the said plaintiff the Cherokee Nation is the owner of the lands within its limits, which it holds in common for all its members.  That the said plaintiff Claude Shelton is a Cherokee Indian by blood, and a recognized member of the Cherokee Nation or tribe of Indians.  That the following described tract of land, and the improvements

thereon, known as the "J. S. Hargrove Place," to-wit: Three
hundred and twenty acres of land, more or less, situated in
Coo-wee-scoo-wee district, Cherokee Nation, Indian Terri-
tory, about twenty miles northwest of Vinita, Indian Terri-
tory, under fence; two hundred and twenty-five acres, more
or less, in cultivation; balance in grass land; and bounded on
the north by the Tuck Saunders place, known as the 'Stude-
baker Place'; on the east by the public domain of the Cher-
okee Nation and Mrs. Gray; on the south by the Beecher
Chamberlin place; on the east by the Beecher Chamberlin
place, known as the 'Jim Fleming farm,'—is upon the pub-
lic domain of the Cherokee Nation.    That the said defend-
ants, J. S. Hargrove, Nancy Hargrove, Alice Studebaker,
and Moses Studebaker, are residents of the Northern district
of the Indian Territory, and reside nearer to Viniia than any
other place of holding court within the Northern district of
the Indian Territory.    That the said defendants last above
named are white people, and not members of the Cherokee
tribe of Indians, or any other tribe of Indians in the Indian
Territory.    That the said defendant Nancy Hargrove claims
the rights of citizenship in the Cherokee Nation.    That the
said J. S. Hargrove is her husband, the said Alice Studeba-
ker her daughter, and the said Moses Studebaker husband
of the said Alice Studebaker.    That the claim of the said
Nancy Hargrove for citizenship in the Cherokee Nation has
been disallowed by the commission to the Five Civilized
Tribes, known as the 'Dawes Commission,' and the United
States Court for the Northern District of the Indian Terri-
tory, and said decisions have become final.    That the said
defendants hold and claim the premises hereinabove de-
scribed unlawfully, as members of the Cherokee tribe of
Indians, and that their citizenship in said tribe is denied by
said nation and tribe.    That the said defendants still continue
to hold and claim said lands and improvements, notwith-
standing the objection of said tribe.    That the said plaintiff

Claude Shelton is a married man, the father of one child living, and that himself, wife and child are entitled to their allotment from the public domain of the Cherokee nation, by virtue of their being members of said tribe. That the said plaintiff Claude Shelton desires to acquire the lands above described, and hold the same for himself, wife, and child, as provided by law. That he caused notice to be served on the defendants herein thirty days before the commencement of this suit, demanding that they quit and deliver up possession of the premises to him, by virtue of his membership in the Cherokee tribe of Indians aforesaid. That said notice was served on the defendant J. S Hargrove, under the name of G. F. Hargrove, but was intended for said defendant J. S. Hargrove. Plaintiffs further state that the rental value of the said lands above described for the year 1899 is five hundred dollars ($500.00), and that the said plaintiffs are damaged in that sum by the unlawful detention and holding of said lands by the said defendants. Wherefore plaintiffs pray judgment against said defendants, and all persons claiming through, by, or under them, for the possession of the premises above described; that all claim or right of said defendants to said premises be declared void and of no effect; that a writ of possession be issued by this court, commanding the removal of these defendants, and all persons claiming by, through, or under them, from said premises; that the said plaintiffs have and recover of said defendants the sum of five hundred dollars ($500) damages for the unlawful detention of said premises; and for all proper relief."

To the complaint a demurrer was filed on the grounds, "(1) that there is a defect of parties plaintiff; (2) that the complaint does not state facts sufficient to constitute a cause of action." The demurrer was overruled, and exceptions duly saved.

Thereupon the defendants J. S. Hargrove and Nancy B.

(32)

Hargrove filed the following answer: "Now come the above-named defendants, J. S. Hargrove and Nancy B. Hargrove, by their attorneys, R. H. Landrum and M. M. Edmiston, and for their answer to plaintiffs' complaint say: That at the time of the commencement of the above-entitled cause they, the said defendants, did not hold, and were not in possession of, the land sued for, and since the filing of said suit they have not been, and are not now, in possession, either in person or by representative. That previous to the commencement of the above-entitled suit one S. H. Conklin, a Cherokee Indian citizen, served notice on defendants demanding possession of said premises, and brought suit therefor in this court some 30 days or more prior to the filing of the petition in the above entitled cause; whereupon these defendants moved from said premises, and said Conklin took possession thereof, and now holds the same as a Cherokee citizen. That the Cherokee Nation at no time served notice on the defendants to quit possession of the land sued for, and at the time the plaintiff Claude Shelton served notice on defendants to, quit possession of said premises these defendants were not on said lands sued for and described in plaintiffs complaint, or in possession thereof, have not since held and do not hold said lands, and the plaintiffs herein ought not to recover in this action. Wherefore defendants pray that this cause be dismissed as to them, and that they be discharged, with their costs."

And the defendants Alice Studebaker and Moses Studebaker filed the following answer: "Now come the defendants Alice Studebaker and Moses Studebaker, and for answer to plaintiffs complaint say that they have no interest in premises sued for, either severally or jointly; that they were not in possession of the premises, or any part thereof, at the commencement of this action, or at any other time, and are not now in possession. Wherefore these defendants, Alice

Studebaker and Moses Studebaker, pray that the suit be dismissed as to them, and that they be discharged, with their costs,"

Upon the filing of these answers, the plaintiffs moved for judgment upon the pleadings, which motion, after argument, was sustained by the court, and judgment entered against defendants for possession of the premises and the costs of suit, and execution and a writ of possession were ordered. Exceptions were saved, and an appeal to this court duly taken. No motion for a new trial was made nor bill of exceptions filed.

*R. H. Landrum* and *M. M. Edmiston*, for appellants.

*Mellette & Smith* and *Davenport & Thompson*, for appellees.

Motion for new Trial Unnecessary.

CLAYTON, C. J.   Inasmuch as all of the errors complained of are matters of law, arising upon the record without the aid of a bill of exceptions, a motion for new trial was not a necessary condition precedent to the right of appeal.   Severs vs Trust Co. 1 Ind. T. 1 (35 S. W. 233;) Little vs Railway Co. 2 Ind. T. 551 (53 S. W. 331.)

There are two specifications of error:  (1) That the court erred in overruling defendants' demurrer to the complaint;  (2) that the court erred in sustaining the motion of plaintiffs for judgment on the pleadings for possssion and costs.

The demurrer raises the question as to whether the Cherokee Nation and a citizen of said nation may join in a suit to dispossess a person of lands held under the claim of Cherokee citizenship, after such claim to citizenship had

been adjudicated against him by the commission to the Five Civilized Tribes or by a United States court. The statute provides:

"Sec. 2. That when in progress of any civil suit, either in law or equity, pending in the United States Court in any district in said territory, it shall appear to the court that the property of any tribe is in any way affected by the issues being heard, said court is hereby authorized to make said tribe a party to said suit by service upon the chief or governor of the tribe, and the suit shall thereafter be conducted and determined as if said tribe had been an original party to said action.

"Sec. 3. That said courts are hereby given jurisdiction in their respective districts to try cases against those who may claim to hold as members of a tribe and whose membership is denied by the tribe, but who continue to hold said lands and tenements notwithstanding the objection of the tribe; and if it be found upon trial that the same are held unlawfully against the tribe by those claiming to be members thereof, and the membership and right are disallowed by the commission to the Five Tribes, or the United States court, and the judgment has become final, then said court shall cause the parties charged with unlawfully holding said possession to be removed from the same and cause the lands and tenements to be restored to the person or persons or nation or tribe of Indians entitled to the possession of the same. * * *

"Sec. 6. That the summons shall not issue in such action until the chief or governor of the tribe, or person or persons bringing suit in his own behalf, shall have filed a sworn complaint on behalf of the tribe or himself, with the court, which shall, as near as practicable, describe the premises so

detained, and shall set forth a detention without the consent of the person bringing said suit or the tribe, by one whose membership is denied by it; provided, that if the chief or governor refuse or fail to bring suit in behalf of the tribe, then any member of the tribe may make complaint and bring said suit." 30 ,Stat. 495 (Ind. Ter. Stat. Secs. 57q-57z20.

From a reading of the statute as above set out, it is clear that the Cherokee Nation may have brought the suit without joining the prospective allottee, and, in case of its failure to bring the suit at · all, its co-plaintiff could have done so without joining the Cherokee Nation. But the . statute provides, as to this class of cases, "that, if the chief or governor refuse or fail to bring suit in behalf of the tribe, then any member of the tribe may make complaint and bring said suit. " It seems clear from this statute that the chief or governor is to take the initiative, and bring the suit, and only in case of his failure or refusal to do so would another member of the tribe be authorized to bring the suit; and, to justify it by a member of the tribe, it must appear from the complaint that the chief or governor had refused or failed. The complaint makes no such averments, and in fact could not have done so, because the nation is made a party to the suit by it. The demurrer, therefore, should have been sustained, and the cause dismissed as to Claude Shelton.

Misjoinder of Parties.

The next and last question presented is, did the trial court err in entering judgment for possession and costs against the defendants on the motion of the plaintiffs? This action was brought under the third section of the statute above set out. The complaint specifically alleges that the defendants' claim to be members of the Cherokee Nation had been adjudged and disallowed by both the commission and the United States court, and that they were in

possession of the premises sued for. Both of these aver-
ments were necessary. The complaint would be fatally
defective if either were omitted. Both presented to the
court facts necessary to be determined in favor of the plain-
tiffs before they could recover in the suit. The answers
fail to deny the allegation that defendants had been adjudi-
cated to be non-members of the tribe, and, therefore, by our
rule of pleading and practice, that averment stands confess-
ed;. and, if that were all, the court would have been justified
in entering judgment on the pleadings. But the allegation
that they were in possession of the premises, either actual
or constructive, was specifically denied. An issue on this
question of fact was fairly and certainly presented by the
answers. The motion for judgment on the pleadings must
be taken, as far as the motion is concerned, as an admission
of the truth of all the averments and denials of the answer.
The action under the statute is purely a possessory one.
The title is not involved, and, therefore, the suit can be

**Judgment on Pleadings.** maintained only against a party in possession, which must
be alleged and proven. If the defendants were not in pos-
session, they were improperly sued, and, that fact being ad-
mitted by the motion for the judgment, they were not liable
for costs. If the plaintiffs and the court intended to treat
the answers simply as a disclaimer, the defendants should
have been dismissed from the suit, with judgment for their
costs, instead of against them; and if plaintiffs believed, as
is suggested in their brief, that the defendants were really
in possession of the premises by and through a third party,
with whom they were acting in collusion to defeat the
rights of plaintiffs, they should have gone to the jury on
that issue of fact. There was nothing in the pleading sug-
gesting, much less confessing, such a condition, and there-
fore there was absolutely nothing before the court to justify
it in rendering judgment against the defendants. The
judgment of the court below is reversed and the cause
remanded.