W. L. BRADFORD v. R. C. BRENNAN AND HATTIE A. BROWN.

(Filed September 3, 1904.)

APPEAL—Review—Motion for New Trial. Rulings of the trial court, made in the course of the trial, are not available as grounds of error in the supreme court, unless a motion for a new trial has been filed, and the overruling of such motion is assigned as error in this court.

(Syllabus by the Court.)

*Error from the Probate Court of Oklahoma County; before Wm. P. Harper, Trial Judge*

*J. S. Jenkins,* for plaintiff in error.

*Selwyn Douglas* and *John H. Myers,* for defendant in error, *Hattie A. Brown.*

Opinion of the court by

HAINER, J.: This was an action to recover upon a promissory note. The cause was tried to the court, without a jury, and judgment rendered in favor of Hattie A. Brown and against the defendant, W. L. Bradford. From this judgment the defendant appeals.

It appears from the record that no motion for a new trial was filed. The only errors assigned in the petition in error are matters relating to errors of law alleged to have occurred at the trial. These alleged errors were subject to review only upon motion for a new trial. It is the settled rule of practice in this court that errors of law occurring at the trial can only be brought to the supreme court after the district court has had an opportunity to re-examine them upon a motion for a new trial, and to correct such errors if found erroneous. And unless the record shows that such a motion has been filed and overruled, and the overruling of the same assigned as error in the supreme court, it cannot be reviewed   (*Beall v. Mutual Life Insurance Co.,* 7 Okla., 285; *Glasser v. Glasser,* 13 Okla., 389.)

The judgment of the court below is therefore affirmed. All the Justices concurring.