## MARTIN v. HUBBARD.

No. 1495.   Opinion Filed February 6, 1912.

(121 Pac. 620.)

1.·   **APPEAL AND ERROR — Review — Record — Exceptions Below.**
This court will not consider an alleged error of the trial court unless such alleged error appears on the record of the case, and exception was taken thereto in the trial court.

(a)   This court will not consider as error an order overruling a motion for a new trial where no exception to such order is saved by the losing party.

2.   **CONTINUANCE — Conditions — Refusal — Discretion of Court.**
Counsel for defendant agreed in open court that a case should be tried at a certain term, but it afterwards developed that such attorney could not be present at the trial on account of other professional engagements which could not be postponed, and thereupon the trial court offered to continue the case until the defendant's attorney could be present, upon condition that defendant pay the costs necessary to secure the attendance of plaintiff's wit-

nesses at such postponed trial.  **Held,** not an abuse of discretion, on the part of the trial court to refuse a continuance without imposing terms, it not appearing that defendant requested an opportunity to procure another attorney, or make any further effort to be represented by an attorney, but instead proceeded to conduct his own case.

3.   **SUFFICIENCY OF EVIDENCE.**  Testimony examined, and **held** to support the verdict of the jury for the full amount thereof.

(Syllabus by Sharp, C.)

*Error from Haskell County Court;*
*A. L. Beckett, Judge.*

Action by Mal. Hubbard against J. L. Martin.  Judgment for plaintiff, and defendant brings error.  Affirmed.

*Fred H. Fannin,* for plaintiff in error.

*Brown & Lawrence,* for defendant in error.

Opinion by SHARP, C.   Four errors are charged in the brief of plaintiff in error.  The first is that the court erred in compelling the defendant to go to trial at the October term in the absence of his attorney, and after the jury for the term had been discharged.

From the case-made it appears that it was agreed by defendant's attorney in open court that the action should be tried at the October term of the court, but that on the day assigned for trial the defendant's attorney, on account of a previous engagement which he could not postpone, could not be present; that thereupon the defendant objected to going to trial, without his attorney, whereupon the court offered to continue the case until the defendant's attorney could be present upon condition that the defendant would pay the costs necessary to procuring the attendance of the plaintiff's witnesses.  This defendant refused to do.  The case was tried before a special jury after the regular jury for the term had been discharged, but defendant did not object to going to trial before the special jury, and no objections or challenges to the jury were made.

It does not appear that any motion for a continuance or postponement of the trial was filed, though the case-made recites

that "the defendant orally filed his motion for a continuance for the reason that his attorney could not conduct said trial on account of legal engagement prior to the setting of the docket, over which defendant's attorney had no control." From this paradoxical statement we infer that an objection was simply made against going to trial at the time on account of the absence of defendant's attorney.

Section 5835, Comp. Laws 1909, provides that "the court may, for good cause shown, continue an action at any stage of the proceedings, upon such terms as may be just." The court here offered to continue the trial upon condition that defendant would pay the necessary costs to procure the further attendance of the plaintiff's witnesses. Section 5836 of the same statutes provides for the continuance of a trial, and contains the provisions that must be complied with in such case. But this provision of the statute deals with absent testimony, and its purpose is to give the party desiring the continuance an opportunity to procure the attendance of absent witnesses. No effort was made to comply with this statute, even should it be held to include a case such as the one presented. It is not shown that defendant could not have procured other attorneys to have represented him at the trial, neither does it appear that he asked an opportunity to secure other counsel. We are therefore unable to see, in the absence of such showing, that there was an abuse of discretion on the part of the trial court.

The second assignment is that the court erred in refusing defendant a new trial on account of newly discovered evidence. This evidence, it appears, consisted of a map made by the county surveyor of Haskell county, which purported to give the acreage of the land on which the crops in controversy were said to have been grown. No exceptions were saved to the order overruling the motion for a new trial. Hence the same cannot be considered. *Beall v. Mutual Life Ins. Co.,* 7 Okla. 285, 54 Pac. 474; *Bradford v. Brennan et al.,* 15 Okla. 47, 78 Pac. 387; *Glaser et al. v. Glaser et al.,* 13 Okla. 389, 74 Pac. 944; *Stinchcomb et al. v. Myers,* 28 Okla. 597, 115 Pac. 602. Besides, there

is no proper verification to the affidavit as required by section 5828, Comp. Laws 1909.

The third assignment refers to the argument of the attorney for defendant in error, said to have been prejudicial to the defendant. There is nothing in the record, save in the motion for a new trial, that warrants this assignment. Such an irregularity can only be saved for appellate review by an objection seasonably made, and exception properly taken, if overruled. It does not appear here, in the first place, that the argument complained of, which was that defendant's attorney was not present for the reason that he was afraid of his case, was made, or, if made, that any objection was offered by defendant at the time, though, in the motion for a new trial, filed three days afterwards, the alleged prejudicial argument was urged as a ground for a new trial. But this comes too late and cannot under such circumstances be considered by this court. *Coalgate Co. et al. v. Bross,* 25 Okla. 244, 107 Pac. 425, 138 Am. St. Rep. 915.

This court will not consider an alleged error of the trial court unless such alleged error appears on the record of the case, and exception was taken thereto in the trial court. *Saxon v. White,* 21 Okla. 194, 95 Pac. 783.

The remaining assignment of error is that the verdict of the jury was excessive. A number of witnesses testified to the number of acres of corn and cotton cultivated by plaintiff below. They also gave testimony both to the yield per acre and the market price of the crop, and we have examined the record carefully, and conclude that the verdict of the jury was amply sustained by the testimony.

Finding no error in the record, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.