### JORDAN et al. v. MULLENDORE.

No. 6770—Opinion Filed June 27, 1916.

(158 Pac. 895.)

**Appeal and Error—Assignments of Error—Dismissal.**

Upon an appeal, where the only errors assigned occurred at the trial and the plaintiff in error failed to except to the overruling of his motion for new trial, the assignments of error present no question which this court can review, and the appeal will be dismissed.

(Syllabus by Rummons, C.)

Error from District Court, Pawnee County; L. M. Poe, Judge.

Action by Sarah J. Mullendore against John B. Jordan and others. Judgment for plaintiff, and defendants bring error. Dismissed.

Hayes & Cleeton, L. V. Oorton, and McNeill & McNeill, for plaintiffs in error.

Blake & Hazlett, for defendant in error.

Opinion by RUMMONS, C. Plaintiffs in error in this case appeal from the judgment

of the district court of Pawnee county, by case-made. In due time, after the rendition of judgment, plaintiffs in error filed their motion for new trial, which was by the court overruled. To this ruling upon the motion for new trial plaintiffs in error saved no exceptions.

The assignments of error presented in the brief of plaintiffs in error are as follows: (1) Said court erred in overruling the motion of plaintiffs in error for a new trial. (2) Said court erred in not rendering judgment for plaintiffs in error. (3) The court erred in permitting the said defendant in error to introduce oral testimony to prove the age of said John B. Jordan, the said John B. Jordan being a Cherokee Indian, and the census roll of the Five Civilized Tribes being conclusive proof of said age. (4) The court erred in refusing to render judgment in favor of the plaintiffs in error and against said defendant in error, decreeing that the right, title, and interest of said Sarah J. Mullendore by virtue of a deed obtained May 28, 1912, was while John B. Jordan was a minor and was null and of no force and effect.

These assignments of error all seek to present errors occurring at the trial. Plaintiffs in error having failed to except to the order of the court overruling their motion for new trial, the assignments of error present no question which this court can review. Beall v. Mutual Life Ins. Co., 7 Okla. 285, 54 Pac. 474; Bradford v. Brennan et al., 15 Okla. 47, 78 Pac. 387; Glazer v. Glazer, 13 Okla. 389, 74 Pac. 944; Stinchcomb v. Meyers, 28 Okla. 597, 115 Pac. 602; Martin v. Hubbard, 32 Okla. 2, 121 Pac. 620.

This appeal should therefore be dismissed.

By the Court: It is so ordered.