No. 21,409.

FAIRBANKS, MORSE & COMPANY, *Appellee*, v. GEORGE W. SIM-
MONS and CORA SIMMONS, *Appellants*.

SYLLABUS BY THE COURT.

1. PLEADINGS—*Demurrer to Answer Sustained—Appeal Therefrom Too
   Late.* A ruling sustaining a demurrer cannot be reviewed unless an
   appeal is taken within six months thereafter.

2. MECHANIC'S LIEN—*Pumping Plant—Furnishing Materials.* In an ac-
   tion to foreclose a mechanic's lien, evidence is admissible to prove that
   material was purchased for, and was used in, the construction of im-
   provements on the land described.

3. SAME—*Material Sold to be Used in Erecting Pumping Plant.* The evi-
   dence abstracted has been examined, and it is held that there was evi-
   dence sufficient to prove that materials were sold with the intention
   and understanding that they should be used in the construction of
   improvements on the lands described in the lien filed.

4. SAME—*Equitable Action—Findings of Jury Disregarded.* In an equi-
   table action, it is not error for the court to strike out or disregard find-
   ings of the jury and make other findings and render judgment thereon.

Appeal from Finney district court; GEORGE J. DOWNER,
judge. Opinion filed June 8, 1918. Affirmed.

*H. O. Trinkle,* of Garden City, for the appellants.

*Albert Watkins,* and *Arthur C. Scates,* both of Dodge City,
for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: Defendants George W. Simmons and Cora
Simmons appeal from a judgment obtained against them fore-
closing a mechanic's lien. George W. Simmons contracted
with Dennis D. Doty for the construction of a pumping plant
on certain real property owned by defendants Simmons in Fin-
ney county. Doty was to receive his compensation on the com-
pletion of the plant and on its successful operation. Doty tes-
tified that he purchased from the plaintiff all the material listed
in the itemized account attached to the petition; that the mate-
rial was used in the installation of the pumping plant; and that
he ordered the material for that plant.

The amended answer of George W. Simmons and of his wife,

Cora Simmons, contained a general denial, and alleged that Doty never performed his contract and never completed the plant, and that they never became indebted to Doty on the contract. The amended answer also alleged that they were damaged in the sum of $2,500 by Doty's failure to perform his contract.

1. On April 29, 1916, a demurrer was sustained to all of the amended answer, except the general denial. The cause was tried on September 18, 1916, and judgment was then rendered in favor of the plaintiff for $439.16 and for foreclosure of the mechanic's lien. Notice of appeal was served on May 4, 1917 —almost a year after the ruling on the demurrer. George W. Simmons and Cora Simmons argue that the court erred in sustaining the demurrer to their amended answer. The plaintiff contends that the error, if any there was, in sustaining the demurrer cannot be considered on this appeal, for the reason that a ruling on a demurrer cannot be reviewed if an appeal from that ruling is not taken within six months thereafter. The appeal was not taken in time, and the plaintiff's contention must be sustained. (*Slimmer v. Rice,* 99 Kan. 99, 160 Pac. 984, and other decisions there cited; Civ. Code, § 572.)

2. Complaint is made of the admission of evidence. That evidence was as follows:

"Q. You had ordered material from this same concern with respect and for use in a good many other jobs too, had you? A. Yes, sir.

"Q. And speaking with respect to those other jobs, state if the company kept its accounts against you separately for each separate job? A. Yes, sir. Each job was kept separate.

"Q. And the goods ordered for one job were never mixed or mingled with the order for other jobs? A. No, sir."

That evidence was admissible for the purpose of showing that the material was purchased for, and was used in, the construction of the pumping plant on the land of defendants Simmons.

3. A demurrer to the plaintiff's evidence was overruled. It is contended that the evidence failed to prove that the material was sold to Doty with the intention and understanding that it should be used in the construction of the pumping plant on the land of his codefendants Simmons. It is also contended that the evidence failed to show that the plaintiff had any notice of the contract between Doty and George W. Simmons. From

these contentions, it is argued that it necessarily follows that the plaintiff sold the material to Doty on his own credit.

In addition to the evidence already set out, Doty testified that the material was ordered for this particular job, and that he thought the order for the material stated that it was to be used in the construction of the plant. As against a demurrer thereto, the evidence was sufficient to prove that the material was sold with the intention and understanding on the part of the plaintiff that it would be used in the construction of the pumping plant. It was not necessary to prove that the plaintiff had either notice or knowledge of the contract between Doty and George W. Simmons.

4. A jury was called, and it answered four special questions. The court set aside the answers to the first and the fourth questions. It is argued that this was error. The answer to this argument is, that in this action the findings of the jury were only advisory, and the court was not compelled to accept the findings. The court could make findings of its own. The court found "that the allegations of the plaintiff's petition are true and that there is due the plaintiff upon the mechanic's lien statement sued on herein the sum of $439.16," and found that the amount named, with interest thereon, was a lien on the real property described in the petition.

The judgment is affirmed.