No. 21,914.

JOSEPH SMITH and LILY SMITH, *Appellees,* V. B. O. GRIFFITH
and ANNA GRIFFITH, *Appellants.*

SYLLABUS BY THE COURT.

1. SALE OF LAND—*Deed in Escrow—Partial Payment—Deed Delivered
—Payment Accepted—Vendor Not Precluded from Recovering Balance
of Contract Price*   The contract between the vendor and the vendee of
land provided in effect that the deed should be deposited in escrow in a
bank, to be delivered to the vendee on payment to the bank of the sum of
$1,500. The vendor delivered the deed to the bank. The vendee paid the
bank the sum of $1,266.25, the bank delivered the deed to the vendee,
and the vendee placed the deed on record. Subsequently the vendor ac-
cepted from the bank the sum which the vendee had paid, and then
sued the vendee for the difference between that sum and $1,500.
*Held,* the vendor was not precluded from recovering, either on the
ground that acceptance of the smaller sum was a ratification of the
act of his agent, the bank, or on the ground of equitable estoppel.

2. TRIAL—*No Material Error.*   Assignments of error relating to plead-
ing, procedure and damages considered, and held not to require a
reversal.

Appeal from Pottawatomie district court; ROBERT C. HEIZER,
judge. Opinion filed October 11, 1919. Affirmed.

*W. F. Challis,* of Westmoreland, for the appellants.

*E. C. Brookens,* and *E. S. Francis,* both of Westmoreland,
for the appellees.

The opinion of the court was delivered by

WEST, J.: Smith and his wife, as vendors, sued Griffith and
his wife, as vendees, for a portion of the price of a tract of
land. The plaintiffs recovered, and the defendants appeal.

The contract contained the following provisions:

"Deed to be signed by parties of the first part and left in escrow at
the Farmers State Bank, Wheaton, Kan., until second party obtains a
mortgage on said land or until he pays for same, to be paid inside one
month from date of this contract. First party to have the use of the
above-described land to March 1, 1915, without cost to him. First party
agrees to pay all costs in foreclosure brought by second party in case
such proceedings are dropped. In consideration of which, the said party
of the second part covenants and agrees to pay unto the said party of

the first part for the same the sum of fifteen hundred dollars, as follows: in cash in one month, and to assume all mortgages now on the farm, and to pay all interest on same, and all back taxes, and insurance premium. First party agrees not to abuse farm, or over-pasture the pasture, and keep all buildings in as good repair as possible, and second party to furnish all material for repairs.

"With interest on the amount due, payable at the time of each payment. And for the true and faithful performance of all and every of the covenants and agreements above mentioned, said parties bind themselves each to the other in the penal sum of . . . dollars as liquidated damages to be paid by the failing party."

The deed of the vendors was duly deposited with the bank. The vendees deposited with the bank the sum of $1,266.25, procured the deed to be delivered to them, and filed it for record. Subsequently the vendors accepted the money which had been deposited with the bank, and then sued for the remainder of the contract price.

A demurrer to the petition was overruled. The appeal was not taken until more than six months had elapsed after action taken on the demurrer, and the ruling cannot now be considered. (*Norman v. Railway Co.,* 101 Kan. 678, 168 Pac. 830; *Fairbanks, Morse & Co. v. Simmons,* 103 Kan. 202, 173 Pac. 277.)

A motion to strike out portions of the reply was denied. The matter complained of apparently consisted of denials of versions of the transactions between the parties, contained in the answer, and statements of the plaintiffs' version of such transactions. These denials and statements were pertinent to the plaintiffs' theory of the case, and the motion to strike was properly denied.

The burden of proof was imposed on the defendants. The petition prayed for the balance due according to the terms of a written contract, the execution of which was not denied. The issue presented by the answer was, in substance, payment made in this way: By agreement with the plaintiffs, the defendants paid costs of the foreclosure proceeding, in the sum of $233.75, and paid the balance of the contract price of the land, $1,266.25, to the bank. Under these pleadings the burden of proof was properly rested on the defendants. In any event, the trial was before the court, the contentions of the parties were fully developed by the evidence, the question was not one

of sufficiency of proof but of what testimony should be relied on, and it was not material who should proceed first. (*Gemienhardt v. Ward,* 101 Kan. 250, 167 Pac. 1141.)

The contract provided that the vendors should pay the costs of the foreclosure suit. The vendors authorized the vendees to pay the costs, amounting to five dollars, out of the purchase money. The disputed question of fact was whether or not an attorney fee, amounting to $228.75, was understood to be included in the term "costs," or if not so included, was to be paid by the defendants and deducted from the $1,500, the same as costs. The evidence bearing on this subject was oral and was conflicting, and this court is not authorized to reject the conclusion reached by the district court.

The principal legal question was whether or not acceptance by the vendors of the $1,266.25 precluded them from recovering the remainder of the $1,500. It is conceded by the vendees that the deed was an escrow, but the argument is that the bank was, nevertheless, the agent of the vendors to receive the purchase money and deliver the deed, and when the smaller sum deposited by the vendees was accepted by the vendors, they ratified delivery of the deed by the depositary on the arbitrary terms proposed by the vendees.

The deed was an escrow, but it would not have been if the bank were an agent of the character claimed. A certain resemblance between the office of agent and the office of depositary of an escrow leads us to speak of a depositary as an agent. We immediately get into trouble, however, when we speak of a depositary as the agent of the vendor to receive the purchase money and deliver the deed. The depositary receives and pays over the purchase money for the vendee as much as for the vendor. The vendor has already delivered the deed, beyond his power of revocation, or the transaction would not be one of escrow, and the depositary holds and delivers the deed as much for the vendee as for the vendor. Following the line of least resistance, we hasten to say that the depositary is not the agent of the vendor merely, but is agent of both parties. When, however, we undertake to found arguments upon and to draw conclusions from this application of the name "agent," we immediately get into trouble. Death of the principal revokes agency, but death of neither vendor nor vendee abrogates an

escrow contract. (*Davis v. Clark,* 58 Kan. 100, 48 Pac. 563.) The result is, a depositary is always something more or something less than an ordinary agent, and accuracy permits us to say no more than that the depositary is an intermediary between vendor and vendee, having the specific powers and duties created by the escrow agreement, and no others.

What the depositary does rightfully he does pursuant to the escrow agreement, and not because he is in the attitude of representing a principal as agent. When the depositary steps outside the sphere of authority created by the escrow agreement, he does not act in the capacity of representative of a principal, and especially does not act as the agent of the party to the escrow agreement whose rights are prejudiced by his conduct. Since his powers are defined by the escrow agreement, there can be no misconception of them. Vendor and vendee deal with him in respect to the escrow at their peril. If he be guilty of a breach of duty in delivering, without payment of purchase money, a deed held for delivery on payment of purchase money, he is not agent of the vendor in making the misdelivery. The doctrine of ratification governing cases of ordinary agency does not apply, and the situation must be solved by resort to other legal principles.

The doctrine of equitable estoppel is invoked. It is said the vendors are estopped to recover the full amount of the purchase money because they took part of it. The doctrine does not apply, because the vendors did nothing on which the vendees acted or relied to their prejudice. The escrow feature of the contract had nothing to do with the amount of consideration to be paid for the land. Consideration was covered by another provision. The escrow clause related to delivery of the deed. Delivery was conditioned on payment of the full price. Breach of the condition by the vendees and the depositary did not change the price, and did not compel the vendors to elect to repudiate delivery altogether or submit to an abatement of price. Suffering nothing themselves, the vendees can neither profit by their own misconduct nor dictate the vendors' remedy. The rights of innocent purchasers are not involved, and the vendors were at liberty to accept the situation created by the vendees, waive the condition of full payment before delivery of the deed, and sue for the remainder of the price.

It is said that failure to fill the blank in the concluding pro-
vision of the contract converted it into a stipulation that no
damages were recoverable in case of breach. With the blank
unfilled the provision was nugatory. Besides this, the action
was not one for general damages for breach of contract, but
was one to enforce the contract by compelling payment in full
according to its terms.

The judgment of the district court is affirmed.