## BENN et al. v. TROBERT.

No. 8462—Opinion Filed Oct. 14, 1919.

(Syllabus by the Court.)

**1. Jury—Right of Trial by—Equity Cases.**

The constitutional guaranty that "the right of trial by jury shall be and remain inviolate" has no reference to the trial of issues of fact in equity cases.

**2. Action—Character of—How Determined —Pleadings.**

The character of an action is to be determined by the nature of the issues made by the pleadings and the rights and remedies of the parties, and not alone by the form in which the action is brought or by the prayer for relief, which, in this respect, forms no material part of the pleading.

**3. Mortgages—Single Transaction—Venue.**

Where several mortgages are made to different parcels of land to secure one and the same debt they constitute one mortgage and their unity is determined by the debt secured and an action may be maintained in any county in which any part of the land is situated which is covered by any one of the several mortgages.

**4. Appeal and Error—Review of Equity Case.**

In equitable actions the judgment of the trial court will not be set aside unless it is clearly against the weight of the evidence.

**5. Mortgages—Foreclosure—Defenses—Foreign Judgment—Appeal—Harmless Error.**

Where husband and wife, on August 15, 1910, while residents of the state of Colorado, joined in the execution of certain promissory notes and mortgages upon the land of the wife situated in this state, and after default in the payment of notes the same were merged into judgments in the courts of Colorado in favor of the payee in said notes on the 16th and 18th days of April, 1912, and thereafter, on August 23, 1913, the said payee filed a suit to foreclose his mortgage lien upon said land in the district court in this state against the makers of said notes and mortgages, but did not seek a personal judgment in such foreclosure proceedings for his debt but merely to condemn the land to sale for the payment thereof—held: (a) That the plaintiff may maintain his foreclosure action without suing upon his foreign judgment and that subdivision 4 of sec. 4657, Rev. Laws 1910, providing that a suit upon a foreign judgment must be brought within one year, is not available as a defense; (b) that the fact that verbal testimony was admitted upon the trial of said foreclosure suit tending to prove that the defendants were divorced in the state of Colorado on September 19, 1912, constituted harmless error.

**6. Mortgages—Foreclosure—Evidence—Sufficiency.**

Record examined and held that the judgment of the court is not against the clear weight of the evidence.

**7. Appeal and Error—Harmless Error.**

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

Error from District Court, Seminole County; Tom D. McKeown, Judge.

Action to foreclose mortgages by W. R. Trobert against Peter Benn and others. From judgment for plaintiff the defendants bring error. Affirmed.

Davis & Patterson, for plaintiffs in error.

Mark Goode and T. S. Cobb, for defendant in error.

JOHNSON, J. This is an appeal from the district court of Seminole county. On August 23, 1913, W. R. Trobert, as plaintiff, filed his suit in the district court of Seminole county, Oklahoma, against Peter Benn and Margaret R. Benn to foreclose two certain real estate mortgages on separate and distinct parcels of land, one of the mortgages describing certain lands in Seminole county, Oklahoma, and the other one describing lands in Pottawatomie county, Oklahoma, alleging that the mortgages were made to secure the payment of one note for five thousand five hundred ($5,500) dollars, dated August 15, 1910, due August 15, 1912, one note for one hundred ($100) dollars, dated August 15, 1910, payable June 15, 1912, and one note for one hundred ($100) dollars, dated August 15, 1910, due July 15, 1912; that on the five thousand five hundred dollar ($5,500) note a judgment was given in favor of the plaintiff and against the defendants in the district court of the city and county of Denver, in the state of Colorado, for the sum of six thousand ninety-three and 33/100 dollars ($6,093.33), and costs, on the 18th day of April, 1912; that on the two promissory notes of one hundred dollars ($100) each, a judgment was duly made and given in favor of the plaintiff and against the defendants in Denver, Colo., on the 16th day of April, 1912, and no part of the same has been paid.

Thereafter, on the 12th day of December, 1913, plaintiff filed his amended petition making Lucy Barkus, James Hurd, G. N. Fulton, A. Lackery, Gibson Payne, Lizzie Davis, Sookie Baker, nee Barkus, A. B. Baker, and

A. H. Cotrell additional parties defendants; he alleged the same cause of action against Peter Benn and Margaret Benn and alleged that the additional parties defendants were asserting some adverse claim to the lands and he sought to quiet title as against them. Lucy Barkus, James Hurd, G. N. Fulton, A. Lackbery. Gibson Payne, Lizzie Davis, Sookie Baker, and A. B. Baker either disclaimed or defaulted.

On January 26. 1914, Peter Benn and Margaret R. Benn demurred to plaintiff's petition for the reason that it does not state facts sufficient to constitute a cause of action and because there is misjoinder of causes of action. This demurrer was overruled and the defendants excepted. On the 27th day of April, 1914, Margaret R. Benn filed her verified answer and cross-petition to plaintiff's petition: her answer was a general denial and a further allegation of fraud in the procurement of the mortgages. As a cross-petitioner she alleges that she is the owner of all the land described in plaintiff's petition except one of the tracts, to wit, the west half of the northeast quarter of sec. 36 twp. 7 N., rg. 7 E., in Seminole county, Oklahoma; that she is in the peaceable possession of the land, and that W. R. Trobert is claiming an adverse interest by reason of the mortgages he claims on the same, and she seeks to cancel the mortgages and quiet her title.

On the 23rd day of September, 1915, A. H. Cotrell and Sookie Barkus filed their answer to plaintiff's petition, which was a general denial and allegation that Sookie Barkus sold the west half of the southeast quarter, and the south half of the southwest quarter of the northeast quarter of sec. 36, twp. 7 N., rg. 7 E., a part of the land in controversy, to A. H. Cotrell after she had procured a judgment of the district court of Seminole county, Oklahoma, quieting the title to the same in her, and further pleaded the statute of limitation as to the judgment of plaintiff procured in Denver, Colo.

An order of the court first had, on the 23d day of September, 1915, Margaret R. Benn filed an amendment to her amended answer, which pleaded the statute of limitations. To the answers of the defendants the plaintiff filed replies, being general and specific denials.

Thereafter, on the 25th day of September, 1915, the cause proceeded to trial on the amended petition of plaintiff, and on the amended answer of Margaret R. Benn, and the amendment to her answer, and the answer of A. R. Cotrell and Sookie Barkus.

After the evidence was introduced the court made his findings of fact, which are as follows:

The court finds that the only issue to be determined in this cause between the plaintiff and defendants is the question or the issue as to the statute of limitation, as pleaded by the defendants.

The court finds that the defendant, Margaret R. Benn, was in Oklahoma City, Oklahoma, during the early spring of 1912, and remained in Oklahoma City from time to time until the 3d day of September, 1912, when she filed a petition in the district court of Denver county, city of Denver, state of Colorado, and on the 19th day of September, 1912, in the county court of the county of Denver, city of Denver, state of Colorado, suing for divorce from Peter Benn, her husband, and upon such petition was divorced in said state, and the court concludes as a matter of law that she is estopped to deny her residence to be in any state other than the state of Colorado from that date.

The court concludes and finds that the judgments sued on in this case were rendered on the dates set out, in 1912, and the court concludes as a matter of law that they were filed—that the petition in this action was filed within one year from the rendition of said aforesaid judgments; that the judgments are unsatisfied and that the mortgages introduced in evidence were to secure the indebtedness on the judgments which are still unsatisfied and are subsisting and valid judgments; and it is the judgment of the court that the plaintiff recover the amounts sued for and foreclose for the amounts sued for in the petition.

To all of which findings of the court the defendant, Margaret R. Benn, excepts.

The defendants, Sookie Barkus and A. R. Cotrell, request that the court make separate findings of fact and conclusions of law as to the west half of the southeast quarter, and the south half of the southwest quarter of the southeast quarter of section 36, twp. 7 N., rg. 7 E., being a part of the land involved in this litigation.

The court finds that in an action in the district court of Seminole county, Oklahoma, wherein Sookie Barkus was plaintiff and Margaret R. Benn et al. were defendants, a judgment was rendered, cancelling the conveyances from Sookie Barkus to Margaret R. Benn, defendant; that the plaintiff in this action, W. R. Trobert, was made a party to that action and no proper service was had, and that on or about the — day of ———, 19—, in the district court of Seminole county, Oklahoma, said judgment was set aside as void and held for naught as to the plaintiff, W. R. Trobert, in this case alone, and set aside as to him alone. The judgment is valid and subsisting as to the other defendants and will not be disturbed, but ordered by the court that so far as practicable that all the lands be sold prior to the tract of the Sookie Barkus land and Jackson Barkus land, or the land in controversy between Sookie Barkus

and Margaret R. Benn, because if you can get the money of the other, let them have this piece of land that Mr. Cotrell and all of them claim.

To all of which findings of fact and conclusions of law the defendants excepted.

On the 25th day of September, 1915, the defendants filed their motion for a new trial, which, omitting the formal part, was as follows:

1st. Because the court erred in overruling the motion of the defendants to make the petition of plaintiff more definite and certain.

2d. Because the court erred in overruling the demurrer of the defendants to plaintiff's petition.

3d. Because the court erred in overruling the motion of the defendant Margaret R. Benn to continue the said cause.

4th. Because the court erred in passing said cause from 9 :00 o'clock until 1 :00 o'clock on September 25, 1915, after the plaintiff had announced ready and the case proceeded to trial.

5th. Because the court erred in overruling the second petition of the defendants for a continuance and an application for a jury in said cause.

6th. Because the court erred in not sustaining the demurrer of the defendants to plaintiff's evidence for the reason that in the petition the plaintiff sued on certain notes and a foreclosure of an alleged mortgage securing the same; that there was no evidence in said cause in any way identifying the judgments introduced in evidence with the notes sued on, and the pleadings did not justify the introduction of the judgments in support thereof, and the same showed on their face that they were foreign judgments and had been rendered more 'than one year prior to the institution of the suit now on trial.

7th. Because the court erred in admitting incompetent evidence over the objection and exceptions of the defendants in said cause.

8th. Because the court erred in refusing to admit competent evidence of the defendants in support of their defense.

9th. Because the court erred in refusing, over the objection of the defendants, Sookie Barkus and A. H. Cotrell to permit them to defend as to the lands claimed by them in this action.

10th. Because the court erred in his findings of fact and conclusions of law in finding that Margaret R. Benn procured a divorce in Denver, Colorado, on or about the 25th day of December, 1912, and for that reason she was estopped from denying that her residence was in Colorado at that time.

11th. That the findings of fact by the court in said cause is contrary to the evidence introduced in the trial of said cause and is contrary to the law; that the conclusions of law in said trial is contrary to the evidence and is contrary to the law; that the judgment rendered in said cause by said court is contrary to the evidence and is contrary to the law.

Which was overruled on the 17th day of January, 1916, and the defendants excepted and prayed an appeal to this court and were granted time to make and serve case-made. In due time, to wit, on July 12, 1916, they commenced this action in this court to reverse the case by filing their petition in error with case-made attached, and assigned error as follows:

1st. Said court erred in overruling the motion of plaintiffs in error for a new trial.

2d. Said court erred in overruling the motion of plaintiffs in error, defendants below, to make the petition of defendant in error, plaintiff below, more certain and definite.

3d. Said court erred in overruling the demurrer of plaintiffs in error, defendants below, to petition of defendant in error, plaintiff below.

4th. Said court erred in not sustaining the demurrer of plaintiff in error to the evidence of defendant in error.

5th. The court erred in its conclusions of law to the effect that Margaret R. Benn was estopped by reason of the fact that she had secured a divorce in Denver, Colorado, to deny that she was a resident of that state at that time.

6th. Because the court erred in its findings of fact.

7th. Because the court erred in admitting over the objection of plaintiffs in error, defendants below, incompetent evidence, to wit: the judgments introduced in evidence to sustain defendant in error's claim and parol evidence to the effect that Margaret R. Benn secured a divorce in Denver, Colorado.

8th. Because the court erred in refusing to admit competent evidence on the part of the plaintiffs in error.

9th. Because the court erred in overruling the motion of plaintiff in error for a continuance in said cause.

10th. Because the court erred in refusing the application of plaintiffs in error for a jury.

11th. Because the court erred in all of his findings of fact and conclusions of law and erred in rendering judgment for defendant in error on the evidence introduced.

12th. Because the court erred in refusing to permit plaintiffs in error to introduce evidence in support of their motion for a continuance.

Plaintiffs in error's third assignment of error is, "Said court erred in overruling the demurrer of plaintiffs in error, defendants below, to petition of defendant in error, plaintiff below," for they say that plaintiff sues on two mortgages, one describing land in Seminole county, Oklahoma, and the other in Pottawatomie county. We think there is no merit in this contention. It is true, as contended by the plaintiffs in error in their brief, that the plaintiff sues upon two mortgages, one covering lands in Pottawatomie county and the other covering lands in Seminole county, but as alleged in plaintiff's petition, these mortgages were both given to secure the same indebtedness as evidenced by the same notes—that is, each was to secure all the notes originally given, and when these were merged in judgments they still continued to stand as security for the debt. The debt is the principal thing, and the mortgages given to secure the debt are regarded as a mere incident thereof. This we think is the general rule, and was announced by this court in the case of Clark et al. v. Grant, 26 Okla. 398, 109 Pac. 234. We think the plaintiff had the right under the law to bring his action for a foreclosure of these mortgages in either Seminole or Pottawatomie counties, as provided in Revised Laws of 1910, sec. 4672, which, in so far as the same is applicable, is as follows:

"If real property, the subject of an action, be an entire tract, and situated in two or three counties, or if it consists of separate tracts, situated in two or more counties, the action may be brought in any county in which any tract or part thereof, is situated * * *"

The same is the rule as announced by Jones on Mortgages, sec. 356, as follows:

"Where several mortgages are made to different parcels of land to secure one and the same debt they constitute one mortgage and their unity is determined by the debt secured and an action may be maintained in any county in which any part of the land is situated which is covered by any one of the several mortgages."

This rule is announced in the cases of Commercial National Bank v. Johnson, 16 Wash. 536, 48 Pac. 267; Lomax v. Smith, 50 Iowa, 223; Stevens v. Ferry et al., 48 Fed. 7.

We will next consider the plaintiffs in error's tenth assignment of error which is: "Because the court erred in refusing the application of plaintiffs in error for a jury." We think there is no merit in this contention for the reason that the plaintiff's action was not one for the recovery of a judgment for money, nor for the recovery or possession of specific real or personal property, but was a suit for the foreclosure of a mortgage lien upon real estate and was, therefore, an action purely of equitable cognizance, and in such cases neither party is entitled to a jury trial as a matter of right, and the trial court did not err in denying a jury trial. This court has frequently held that "the constitutional guaranty that the right of trial by jury shall be and remain inviolate, has no reference to the trial of issues of fact in equity cases." Mathews et al. v. Sniggs et al., 75 Oklahoma, 182 Pac. 703; Anderson v. Baker, 34 Okla. 184, 128 Pac. 296; Brown v. Massey, 19 Okla. 434, 96 Pac. 591; Childs v. Cook, 68 Oklahoma, 174 Pac. 274.

The plaintiffs in error's ninth assignment of error is: "Because the court erred in overruling the motion of plaintiff in error for a continuance in said cause." The record discloses that when the case was called for trial the defendants filed their motion for a continuance, which was overruled by the court, and the plaintiffs in error complain at the action of the trial court, and in their brief say that:

"They alleged the docket was set only for the purpose of settling issues; that no cases were to be tried except by agreement; that Tom D. McKeown, judge of the district court, was not present on the first day; that George C. Crump presided and ordered the cases set for trial over the objections of the defendant; that the case was a jury case and had at a former time been ordered placed on the jury docket. This court has uniformly held that a motion for continuance is within the discretion of the trial judge and his action will not be disturbed unless it is made to appear there has been an abuse. We admit this overruling of the motion of Mrs. Benn would hardly be considered by the court. We insist, however, that the general motion by all the defendants states facts that should have entitled them to a continuance in any court."

We fail to see anything in the allegations to indicate that the trial court in any way abused his discretion in overruling the application for a continuance, and we feel that the contention of the plaintiffs in error in this respect is without merit.

McCann v. McCann, 24 Okla. 264, 103 Pac. 694; Rev. Laws 1910, sec. 5044; Martin v. Hubbard, 32 Okla. 2, 121 Pac. 620; N. S. Sherman Machine & Iron Works v. R. D. Cole Mfg. Co., 51 Okla. 353, 151 Pac. 1181.

The plaintiffs in error's fourth, fifth and sixth assignments of error will be considered together, and are as follows:

4th. Said court erred in not sustaining the demurrer of plaintiff in error to the evidence of defendant in error.

5th. The court erred in its conclusions of law to the effect that Margaret R. Benn was estopped by the reason of the fact that she

had secured a divorce in Denver, Colorado, to deny that she was a resident of that state at that time.

6th. Because the court erred in its findings of fact.

/ The fourth assignment of error, that the court erred in not sustaining the demurrer of plaintiffs in error to the evidence of the defendant in error, is not well taken because the essential allegations in the plaintiff's petition were that the notes secured by the mortgages sought to be foreclosed herein had been merged into judgments in the courts of the state of Colorado on the 16th and 18th days of April, 1912, and that no part of said judgments had been paid except the sum of $40, and that the mortgages sought to be foreclosed had been duly executed and delivered by the defendants Peter and Margaret R. Benn and duly recorded in the records of Pottawatomie and Seminole counties, and that the conditions of said mortgage had been broken and that the sum for which judgment was rendered was due and unpaid, and these allegations were fully sustained by the evidence of the plaintiffs, which evidence consisted of certified copies of the judgments which were certified to as required by law, and said mortgages and the testimony of the plaintiff that such judgments were unpaid, hence we say that there was no error in overruling the defendants' demurrer to the evidence of the plaintiff. The plaintiff did not sue upon the judgments, but only to foreclose his mortgages, and hence subdivision 4 of sec. 4657, Rev. Laws 1910, providing that a suit upon a foreign judgment must be brought within one year, has no application and was not available as a defense herein, and the trial court committed no error in reaching such conclusion, although the reasons that he gave therefor in his findings were erroneous. Echols v. Reeburgh, 62 Oklahoma, 161 Pac. 1065, construing Rev. Laws 1910, sec. 5128, and chap. 175, S. L. 1915; Tracy v. Crepin, 40 Okla. 297, 138 Pac. 142; Brocker v. Stallard, 34 Okla. 612, 126 Pac. 781; McClung v. Cullison, 15 Okla. 402, 82 Pac. 499; 27 Cyc., sec. 1593 (c) (d), 1597, (VII) 1599 (c); Jones et al. v. Lapham, 15 Kan. 540; Enc. Pl. & Pr. 128.

We think that all the court's findings and conclusions in reference to the residence of the defendant Margaret R. Benn and the fact that she had been divorced from her former husband were wholly immaterial. The fact that she might have been divorced subsequent to the execution of the notes and mortgages did not release her from liability thereon, and the fact that the notes had been merged into judgments in favor of the plaintiff in the courts of the state of Colorado and were valid and subsisting was conclu-

sive upon her, and such judgments were not subject to collateral attack, and this being a case of purely equitable cognizance, it is our duty to weigh the evidence, and unless the judgment of the trial court is clearly against the weight of same it must be sustained. Shock v. Fish, 45 Okla. 12, 144 Pac. 594; Crump v. Lanham, 67 Oklahoma, 168 Pac. 43.

The conclusion here reached likewise disposes of plaintiffs in error's sixth, seventh, and eleventh assignments of error, which attack the court's findings of fact and conclusions of law. The plaintiffs in error's eighth and twelfth assignments of error, going to the question of the court's refusal to admit evidence over the objections of plaintiffs in error and refusal to permit plaintiffs in error to introduce certain evidence, come clearly within the provisions of Revised Laws 1910, sec. 6005, which provides:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

We have carefully examined the entire record and in consideration of the same we cannot say that the judgment of the trial court is clearly against the weight of the evidence or that any error complained of has probably resulted in a miscarriage of justice or constituted a substantial violation of any constitutional or statutory right of the plaintiffs in error, and the judgment is therefore affirmed.

OWEN, C. J., and HIGGINS, McNEILL, RAINEY, and PITCHFORD, JJ., concur.