**TOBIN et al. v. GANTT et al.**

No. 8874—Opinion Filed March 30, 1920.

Rehearing Denied April 27, 1920.

(Syllabus by the Court)

1. **Appeal and Error—Review of Equity Case—Instructions.**

In a case of equitable cognizance, the verdict of the jury being merely advisory, to be adopted or rejected by the court, alleged errors in the instructions to the jury do not afford a reason for reversal.

2. **Contracts—Action to Rescind—Equity Jurisdiction.**

Where an action is for rescission of a contract and the return of money expended under the contract, the action is one of equitable cognizance, the controversy hinging upon rescission of the contract, the recovery of money expended being a mere incident.

3. **Trial—Verdict—Special Findings—Effect of Silence.**

Where special findings fail to find a fact in issue, such silence will be regarded as equivalent to an express finding against the party having the burden of proof on such issue.

4. **Same—Sufficiency to Support Judgment.**

The failure of a jury to whom a case is submitted upon special issue of fact to answer a question which is immaterial, in view of other findings, does not vitiate the verdict, when, taken as a whole, it is sufficiently comprehensive to support a judgment which properly disposes of the case.

5. **Contracts — Action to Rescind — Sufficiency of Evidence.**

Evidence examined, and, held, judgment of the trial court not clearly against the weight of evidence.

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action by L. M. Gantt and another against John Tobin and another for rescission of contract. Judgment for plaintiffs, and defendants bring error. Affirmed.

Ledbetter, Stuart & Bell, for plaintiffs in error.

Fulton, Shirk & Danner, for defendants in error.

OWEN, C. J. This case was tried, without objection, to a jury and seven interrogatories submitted, two of which were not answered. The reasons urged for reversal are: (1) Errors in instructions to the jury; (2) failure of the jury to answer two of the interrogatories; (3) judgment is not supported by the evidence.

While questions of fact may be submitted to a jury, in cases of equitable cognizance, its verdict is merely advisory, and may be adopted or rejected by the court, whose duty it is ultimately to determine all questions, both of fact and of law. Alleged errors in the instructions to the jury, in such cases, afford no ground for reversal upon appeal. Anderson v. Kelley, 57 Okla. 109, 156 Pac. 1167.

In addition to a rescission of the contract, plaintiffs below asked judgment for return of money they had expended under the contract prior to the discovery of fraud. It is contended this presented an issue of fact which defendants were entitled to have tried by a jury, and for that reason the errors complained of in the instructions justify the reversal. It has been held that when an action is in the main for rescission of a contract, and the return of money expended under the contract is also prayed for, the action is one of equitable cognizance, the controversy hinging upon rescission of the contract, the recovery of money expended being a mere incident. Benn v. Trobert, 76 Okla. 184, 184 Pac. 595; Probst v. Bearman, 76 Okla. 71, 183 Pac. 886; Andrews v. Thayer, 69 Oklahoma, 171 Pac. 1117.

In answering interrogatory No. 1, the jury found defendants had made fraudulent representations to plaintiffs, and in answering interrogatory. No. 5, fixed the amount of money paid out under the contract at $287.08. Interrogatory No. 6, not answered, was whether both plaintiffs and defendants had made false and fraudulent representations to each other. It was unnecessary to answer this interrogatory as to representations made by defendants, that being answered in the first interrogatory. The burden of proof was on defendants to prove false representations on the part of plaintiffs, and the general rule seems to be that where special findings fail to find a fact in issue such silence will be regarded as equivalent to an express finding against the party having the burden of proof on such issue. 38 Cyc. 1924. Interrogatory No. 7, not answered, inquired as

to the amount of plaintiffs' damages by reason of defendants' fraudulent representations. It was unnecessary to answer this interrogatory, for the reason that in answering No. 5, the amount of money paid out was found to be $287.08, being the amount plaintiffs were entitled to recover as damages and the amount for which judgment was rendered in their favor. Failure of a jury to whom a case is submitted on special issue of fact to answer a question which is immaterial, in view of other findings, does not vitiate their verdict, when, taken as a whole, the verdict is sufficiently comprehensive to support a judgment which properly disposes of the case. Columbus Power Co. v. City Mills Co., 114 Ga. 558, 40 S. E. 800; State v. Farish, 23 Miss. 483; Fairbanks Co. v. Simmons et al., 103 Kan. 202, 173 Pac. 277; Minton v. Wilkerson et al. (Tenn). 182 S. W. 238; 38 Cyc. 1924.

Under the settled rule in such cases. the judgment of the trial court must be affirmed unless it appears to be clearly against the weight of the evidence. From an examination of the record, it does not so appear, and the judgment is affirmed.

RAINEY, PITCHFORD, JOHNSON, McNEILL, and BAILEY, JJ., concur.