Cramer v. Overfield.

---

No. 24,938.

J. A. CRAMER, *Appellee*, v. JOHN F. OVERFIELD, *Appellant*.

SYLLABUS BY THE COURT.

1. PLEADINGS—*Sale of Corporate Stock—False Representations—Sufficient Petition.* The fact that a petition stating a cause of action for damages for fraud in effecting the sale of shares of corporate stock also makes statements and asks relief pertinent to breach of contract and rescission is held not to be a ground of reversal.

2. SALE— *Corporate Stock — False Representations—Plaintiff's Knowledge of Alleged Fraud.* In an action for damages for inducing the plaintiff to purchase shares of stock in a corporation by the false representation that it had been merged with another, the fact that he knew that one of the companies was in the hands of a receiver and the other was in the process of organization is not necessarily fatal to his recovery.

3. SAME— *Damages for False Representations — Plaintiff Must Have Relied Upon the Representations.* In an action for damages on account of fraud where evidence is given of a false representation likely to influence the conduct of the plaintiff and he testifies that he believed it, the jury may find that he relied upon it, although he did not say so in express terms.

4. SAME—*Fraudulent Representations—Measure of Damages.* One who is induced by false representations to contract for the purchase of property which is never delivered, and brings action for damages on account of the fraud, may recover the amount of his payment.

5. SAME—*False Representations—Instructions—Findings.* In an action for damages on account of fraudulent representations the omission to instruct as to what representations are material is not prejudicial where a particular representation, which the jury find was made, is material.

Cramer v. Overfield.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed January 12, 1924. Affirmed.

T. H. Stanford, L. G. Seacat, and Charles Seacat, all of Independence, for the appellant.

W. N. Banks, O. L. O'Brien, Jay W. Scovel, and Walter McVey, all of Independence, for the appellee.

The opinion of the court was delivered by

MASON, J.:   J. A. Cramer sued John F. Overfield and recovered a judgment based upon the plaintiff's claim that the defendant had sold him shares of stock in the U. S. Consolidated Oil, Shale & Refining Corporation, a new company, under the false representation that it had been merged with the Consolidated Gas, Oil & Manufacturing Company of Independence, Kan., an established concern.   The defendant appeals.

1.   Complaint is made of the overruling of a demurrer to the petition on the ground that several causes of action were improperly joined.   The contention is that the petition, besides setting out a cause of action for damages on account of fraud, included statements and asked for relief pertinent to breach of contract and rescission.   Reliance is placed upon the opinion in *Grentner v. Fehrenschield*, 64 Kan. 764, 68 Pac. 619.   There a petition was held to be subject to demurrer not because several causes of action were improperly joined but because two theories were presented as to the basis of recovery and on either theory some vital fact was omitted from the pleading.   It was said in the syllabus, however, that a petition is insufficient if the court cannot determine from it upon which of several theories a recovery is sought.   Since the adoption of the present code in 1909 procedural rulings are not ordinarily a ground of reversal unless they are affirmatively shown to have resulted in prejudice.   (Civ. Code, § 581.)   Here the case was tried out, being submitted to the jury on the theory of fraud alone, and there is no doubt of the judgment being based on that theory.   It is not apparent that the allegations of the petition, if they were open to technical objection, hindered the presentation of the defense. (See, also, *Wendel v. Implement Co.*, 112 Kan. 336, 210 Pac. 1100, and cases there cited.)   Moreover, as the demurrer to the petition was passed upon April 15, 1922, and the appeal was taken March 13, 1923, the ruling is not reviewable.   (*Smith v. Griffith*, 105 Kan. 357, 358, 184 Pac. 725.)

2. The plaintiff testified that the defendant told him the two corporations had been merged. The office manager of the old company testified that there was nothing on its books showing a merger, and the defendant admitted that the companies had not been merged. In behalf of the defendant it is argued that the plaintiff knew that the old company was in the hands of a receiver and that the new one "was in the pre-organization stage" and therefore, being charged with knowledge of the law, must have known that there could not have been a formal, technical merger between the two companies. Whether such legal knowledge may be imputed to the plaintiff is doubtful, but need not be here determined. Although the words "merger" and "consolidation" in connection with corporations have distinct meanings and where employed with technical accuracy apply to definite forms of union, both are permissibly used to indicate various arrangements by which two companies become united in interest. (14 C. J. 1054; 2 Bouvier's Law Dictionary, Rawle's 3d Revision, 2205; *C. & E. I. R. R. Co. v. Doyle,* 256 Ill. 514.) The defendant denied telling the plaintiff that the companies had been merged but testified that the new company had had a contract for the purchase of a majority of the stock in the old one for $275,000, on which $10,000 had been paid, but which was not carried out because of the failure of the former to make any further payments. Even if such a contract, not having been performed, could fairly be spoken of in a practical sense as a completed merger, there is no finding that it was in fact made, and the jury must be regarded as believing the contrary if that is necessary to support the general verdict. No instruction defining the word merger was given or asked. In answer to a special question the jury found that the defendant had represented that he had merged the two companies.

3. It is argued that there was no evidence of the plaintiff having relied upon the representation that a merger had been effected. He testified that he gave credit to the representation, saying of the defendant: "Yes, I believed his statements; I had known him for a good many years, and I thought he was telling me the truth." The representation concerning merger was obviously one likely to exert an influence on the sale, and from the evidence the jury could reasonably infer that the plaintiff relied upon it, although he did not say so in express terms.

4. The plaintiff recovered the amount he had paid for the stock.

The defendant, admitting that the stock had become valueless and was never delivered, contends that no damages were proved. The claim was for damages occasioned by the plaintiff being fraudulently induced to enter into the contract. One of the measures of recovery in that situation is the amount paid. (*Trapp v. Refining Co.,* 114 Kan. 618, 220 Pac. 249.)

5. Complaint is made of an instruction as omitting certain essential matters. These matters were all supplied in other parts of the charge, except that the jury were not told what fraudulent representations were material. No specific instruction having been asked on this point the defendant is hardly in a position to complain of its omission, but as the jury found specifically that the representation of merger, which we regard as material, had been made, no prejudice can have resulted. ·

The judgment is affirmed.