MENCA v. HOLMES.

No. 29290. Nov. 19, 1940.

Rehearing Denied Jan. 14, 1941.

*108 P. 2d 1022.*

J. B. Underwood, of Tulsa, for plaintiff in error.

Forrester Brewster, of Muskogee, for defendant in error.

PER CURIAM. This was an action to rescind an exchange of used cars. The action was instituted by the plaintiff in

error, hereinafter referred to as plaintiff, against the defendant in error, hereinafter referred to as defendant.

The record shows that on March 30, 1938, the parties exchanged used cars, the plaintiff paying the cash difference; that at the time the transaction took place the plaintiff executed a written purchase agreement which stated that there were no representations or warranties as to mileage or condition of the used car which plaintiff was acquiring except as stipulated in an attached warranty, and that at the same time the plaintiff received said warranty, which merely covered repairs of a specified type for a limited period; that shortly after the plaintiff acquired such used car, he became dissatisfied with its performance and particularly with the amount of oil which it was using; that he took the same back to the defendant and had him make certain repairs thereon, for which the plaintiff paid; that said car still did not perform satisfactorily; that after plaintiff had driven the same about 900 miles he tendered it back to the defendant and demanded the car which he had given in exchange and a refund of the money which he had paid; that defendant refused to comply with such demand, and that thereupon this action followed. Trial was begun to a jury, and at the conclusion of plaintiff's evidence the defendant interposed a demurrer thereto, which was sustained by the court, and the cause withdrawn from the jury and judgment entered in favor of defendant. Motion for new trial was overruled, and plaintiff has perfected this appeal. As grounds for the reversal of said judgment the plaintiff urges that the court erred in withdrawing the cause from the jury and in rendering judgment for the defendant. In support of the contentions thus made, the plaintiff cites us to a number of decisions which deal with actionable fraud and recoveries under contracts of warranty. An examination of the authorities cited reveals that they have no application to the situation which plaintiff presents here.

As said in Viking Refrigerators, Inc., v. McMeachin, 145 Okla. 76, 291 P. 521:

"The rule is well established in this state that, where a person has been induced by false and fraudulent representations to purchase or exchange property, he has three remedies: (1) He may upon discovery of fraud rescind the contract and sue in an action at law and recover the consideration parted with upon a fraudulent contract, in which case he must restore, or offer to restore, to the parties sued whatever he has received by virtue of the contract; (2) he may bring an action in equity to rescind the contract, and in such case it is sufficient for the plaintiff to restore, or offer to restore, everything of value which he has received under the contract; and (3) he may affirm the contract, retain that which he has received, and bring an action at law to recover the damages sustained by reason of his reliance upon the false and fraudulent representations. Howe v. Martin, 23 Okla. 561, 102 P. 128; Wesley v. Diamond, 26 Okla. 170, 109 P. 524; Reger v. Henry, 48 Okla. 759, 150 P. 722; Holcombe & Hoke Mfg. Co. v. Jones, 102 Okla. 176, 228 P. 968."

The plaintiff insists that his action was one for rescission and not one upon contract or for actionable fraud. Accepting this theory it follows that the plaintiff's action was one maintainable in equity as above pointed out, and therefore was one where trial by a jury is not a matter of right. Black v. Donelson, 79 Okla. 299, 193 P. 424; Tobin v. Gantt, 78 Okla. 73, 189 P. 170; Reuck v. Green, 84 Okla. 131, 202 P. 790.

As said in Katter v. Rodgers, 107 Okla. 116, 230 P. 500:

"In a purely equitable action, where a jury has been impaneled, it is within the province of the court to discharge the jury and render such judgment as the testimony warrants."

Since from what has been said above it is apparent that plaintiff's action was one wherein a jury was not proper and any verdict which it might have rendered would have been merely advisory,

it follows that the court committed no error in withdrawing the case from the jury when it became satisfied that the question was one which the court would have to determine ultimately.

Since the action was one of purely equitable cognizance, we therefore inquire whether the judgment rendered is clearly against the weight of the evidence, and in so doing we apply the well-known rule used in reviewing such judgments, that is, we examine the entire record. We find therefrom that the plaintiff predicated his right to recovery solely upon his claim that he had been induced to enter into the contract through fraud perpetrated upon him by the defendant. His evidence, however, fails to substantiate this allegation and shows that he was relying upon certain oral warranties as to quality and fitness made by the salesman with whom he dealt, and further showed that plaintiff had executed the written contract of purchase and had accepted the written warranty therein provided without objection or exception thereto. The evidence further shows that the plaintiff had had considerable experience in the purchase of used automobiles and knew something about them, and that he did not make the trade here involved until he had examined the car and had taken a ride therein and had seen its performance demonstrated; and, furthermore, that after the plaintiff had driven the car for a time, he took the same back to the defendant to have repairs made and paid for the same.

We are of the opinion that the court correctly concluded that the plaintiff had failed to prove his charge of fraud in the making of the contract and which would authorize a rescission thereof. While fraud is a generic term and may be said to cover a wide scope, yet it is not sufficient under such general charge to enable a person to disavow every unprofitable venture upon which he may embark or to rescind every improvident action which he may take, since, if such were the rule, then there could be no stability to the ordinary transactions of life. We are satisfied that the judgment of the trial court is not clearly against the weight of the evidence; therefore, said judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN, HURST, and NEFF, JJ., concur.